ELIZABETH MORAN, administratrix, *vs.* RICHARD HOLLINGS
& another.

ELIZABETH MORAN *vs.* SAME.

Suffolk.    March 20. — July 24, 1878.    AMES & MORTON, JJ., absent.

An action for personal injuries caused by falling a distance of forty feet, and result-
ing in instant death on reaching the ground, cannot be maintained.

TWO ACTIONS OF TORT.   The first was brought by the plaintiff as administratrix, for personal injuries occasioned to her intestate, John J. Carey, a boy sixteen years old, while in the employ of the defendants.   The second was brought by the plaintiff as surviving parent of the deceased, for the loss of services arising from the same accident.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff offered to show that, by reason of the negligence of the defendants, Carey fell a distance of forty feet, through four hatchways, and was instantly killed by striking on the lower floor of the defendants' building.   The plaintiff also contended that Carey, in falling through the hatchways, might have struck against some obstacle, thereby receiving injuries from which he might have recovered, but no evidence was offered on this point, except as above stated.   Upon the foregoing offers of proof, the judge ruled that the actions could not be maintained; and directed the jury to return a verdict for the defendants in each case.   The plaintiff alleged exceptions.

*A. R. Brown*, for the plaintiff.

*N. Morse*, for the defendants.

BY THE COURT.   The plaintiff cannot, either as her son's administratrix or as his surviving parent, maintain an action for his death, and there was no proof of injuries during his lifetime for which damages could be recovered.   *Carey* v. *Berkshire Railroad*, 1 Cush. 475.   *Kearney* v. *Boston & Worcester Railroad*, 9 Cush. 108.   *Kennedy* v. *Standard Sugar Refinery*, ante, 90.

*Exceptions overruled.*