# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*
DAWSON.

## Opinion delivered March 10, 1900.

1. DEATH BY WRONGFUL ACT—SURVIVAL OF ACTION.—For a death caused by the wrongful act of another, a cause of action survives if deceased lived after the act constituting the cause of action, whether conscious or not. (Page 3.)

2. SAME—DAMAGES.—A verdict of $4,000 in an action by an administrator to recover for pain and suffering endured by deceased will not be allowed to stand if the interval of conscious suffering between the injury and death was not shown to have extended beyond a moment. (Page 4.)

3. ACTION BY PARENT FOR CHILD'S DEATH—CONTRIBUTORY NEGLIGENCE.— A parent, suing in his own behalf, cannot recover for the negligent killing of his infant child if he was guilty of negligence contributing to such killing. (Page 7.)

4. CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.—Whether a parent, in permitting his child six years old to go visiting unattended, when he knew that she would have to cross the railroad tracks where she was killed, and that the train was overdue, without having specially cautioned her to avoid the trains, was guilty of contributory negligence, is a question for the jury. (Page 8.)

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

## STATEMENT BY THE COURT.

On the 9th day of June, 1896, Marie Dawson, the daughter of plaintiff, M. L. Dawson, while crossing the railway track of the St. Louis, Iron Mountain & Southern Railway Company at Haynes station, was struck by a locomotive, run over, and killed. She was between six and seven years of

age, and had started on a visit to some companions who lived in the portion of the town across the railway from her home. She was seen on the track a short distance in front of the engine, but no witness saw her at the time she was struck. After the train passed over her, she was discovered lying on the track. She had been pushed along the track, and looked like a bundle of rags. One of her legs was cut off above the knee, and a portion of the entrails protruded. One witness testified that, with these exceptions, the body was not much mutilated, though he said the skull was broken. Those who reached her first testified that she did not move, and did not appear to be conscious, though she was seen to breathe. Some one called her, "Marie! Marie!" but she never spoke. She gave a couple of gasps, and in a moment or so was dead. This action was brought by the plaintiff as administrator of the estate of Marie Dawson. There were two causes of action set up in separate paragraphs of the complaint. One sought a recovery in behalf of her estate for the pain and suffering caused her by the injury. The second paragraph sought a recovery in behalf of plaintiff, and for his use and benefit, as her father and next of kin. The jury found in favor of plaintiff, and assessed the damages on the first count, for pain and suffering, at $4,000, and at $500 on the second count. The railway company appealed.

*Dodge & Johnson*, for appellant.

The judgment for pain and suffering endured by deceased is not sustained by the evidence. Since the personal representation can recover only such damages as were recoverable by the deceased, there can be no recovery, on this ground, except when the death was not instantaneous; and the burden was on the plaintiff to show that such was the case. 9 Cush. 108, 110, 112; 125 Mass. 93; 1 Cush. 475; 133 Mass. 507, 509; 53 N. W. 750; 53 Ark. 125; 3 Am. & Eng. R. Cas. (N. S.) 373; 69 Miss. 425; 64 Miss. 693; 6 Cold. 45; 31 Am. & Eng. R. Cas. 170. Even if death in this case was not instantaneous, since there was never an interval of *conscious* pain and suffering, there could not be a recovery of more than merely nominal damages. 125 Mass. 90; 134 Mass. 499, 504; 145

Mass. 283, 285; 9 Bush, 728; 11 Bush, 384; 12 So. 954; Sedg. Dam. (3 Ed.) 453, 455, 554; 3 Comst. 489, 493; 11 L. T. (N. S.) 598; 11 Am. & Eng. R. Cas. (N. S.) 614; 145 U. S. 345; 145 Mass. 261; 14 N. E. 106; 56 Fed. 246; 24 Ia. 515; 125 Mass. 90; 134 Mass. 499. The verdict and judgment in favor of the next of kin is contrary to law and without evidence to sustain it. It was erroneous to make the loss of the value of the child's services the measure of the pecuniary loss to the next of kin. 53 Ark. 127. The father was guilty of contributory negligence in allowing the child-to go upon the track. 36 Ark. 41.

*McCulloch & McCulloch*, for appellee:

The evidence is sufficient. The decedent's cause of action survives if he lived for even a single moment after the accident. On this point, and to the effect that the pain and suffering proved was such as warranted a verdict, see 68 Ia. 470 (overruling 24 Ia. 515); 71 Ia. 490; 72 *id.* 201; 30 Conn. 184; 134 Mass. 499; 145 Mass. 281; 11 Allen, 34; 2 Heisk. 580 (overruling 6 Cold. 45); 138 Mass. 87; 64 N. H. 471. The doctrine of imputed negligence is not followed in this state. 63 Ark. 171. That contributory negligence of the parent does not bar a recovery by the administrator, see 78 Ia. 396; 88 Va. 267; Beach, Contr. Neg. 131a.

RIDDICK, J., (after stating the facts.) We think the evidence sufficient to support the finding of the jury that the employees of the company in charge of the train were guilty of negligence causing the death of plaintiff's child. We are also of the opinion that a right of action survived to the personal representative; for the survival of the action depends upon whether the injured child lived after the act constituting the cause of action, and it is not material whether she was conscious or not. If she lived after her right of action was complete, this right, which she possessed, passed by virtue of the statute to her personal representative. *Davis* v. *Railway*, 53 Ark. 127; *Hollenbeck* v. *Berkshire Rd. Co.*, 9 Cush. 478; *Mulchahey* v. *Washburn Car Wheel Co.*, 145 Mass. 281.

But when the administrator sues for the benefit of the

estate to recover for the pain and suffering endured by the deceased, the period for which damages can be assessed ends with the life of the deceased. *Davis* v. *Railway*, 53 Ark. 127. The administrator can recover only such an amount as the deceased might have recovered had she been miraculously restored to life and health at the moment of her death. If plaintiff seeks to recover more than nominal damages, he must show that the deceased, as a result of the injury, underwent conscious pain and suffering. The cases, with few exceptions, hold that, for injury causing instantaneous death, no recovery can be had for pain and suffering. And the same rule is applied when, though life remains a few moments, unconsciousness instantly follows the injury; for in such a case no conscious suffering is shown. Some of the cases go further, and hold that, although a moment's interval of conscious suffering be proved, if this be a mere incident to the death, no recovery can be had for pain and suffering. This question was considered in the case of *The Corsair*, 145 U. S. 335. In that case the person for whose pain and suffering damages were sought was a passenger on the tug Corsair, which was negligently run against the bank of the Mississippi river, and sunk in about ten minutes after the collision. It was contended in that case that the deceased suffered great mental and physical pain and shock, and endured the tortures and agonies of death. "But," said the court, "there is no averment from which we can gather that these pains and sufferings were not substantially contemporaneous with her death, and inseparable as a matter of law from it. Had she suffered bodily wounds and bruises, from the result of which she lingered and ultimately died, it is possible that her sufferings during her illness would give a separate cause of action; but the very fact that she died by drowning indicates that her sufferings must have been brief, and, in law, a mere incident to her death. Her fright for a few minutes is too unsubstantial a basis for a separate estimation of damages." *Kennedy* v. *Standard Sugar Refinery*, 125 Mass. 90; *Moran* v. *Hollings*, 125 Mass. 93; note to *Brown* v. *Electric Ry. Co.*, 70 Am. St. Rep. 667.

There are however cases seemingly in conflict with this

decision. The supreme court of New Hampshire, in a case where damages were sought for death occasioned by drowning, held that the circumstances showing death by drowning in muddy, stagnant and slimy water were such that "the jury might legitimately infer, not only that the death was not instantaneous, but that it was attended with both physical and mental pain and suffering." *Clark* v. *Manchester*, 64 N. H. 471. Of course, these cases turn, to some extent, upon the statute giving the right of action; for at common law there was no right of action for injuries causing death. By a strange fiction the extremity of the wrong precluded the redress. *Goodsell* v. *Hartford R. Co.*, 33 Conn. 55. But whichever view we should adopt as to death by drowning, or when some brief interval of conscious suffering before death was shown, we do not think a judgment for four thousand dollars on the first count of the complaint can be sustained, under the facts of this case; for no appreciable interval of conscious suffering was proved, or, if any was proved, it is not shown to have extended beyond a moment. The burden of showing this suffering was on plaintiff, but we see nothing in the evidence to establish it, unless it may be inferred from the fact that the train was not running rapidly. No witness saw the child at the time she was struck. No one heard any cry or groan, or testified to any act such as might indicate conscious suffering. Those who saw her after the train passed say that she did not move or appear to be conscious. After they reached her she breathed once or twice, and was dead.

Counsel for appellee contends that she was not killed or rendered unconscious by the engine, but by the cars behind the engine, and this, no doubt, was the view taken by the jury in estimating the damages. But plaintiff's case is based on the theory that the child was struck and run over by the engine, and, as no witness saw her after she was struck, until the entire train had passed, the argument that she received her mortal injuries, not from the engine, but from the cars behind, is based on conjecture only. It is pure guess work, and not sufficient to sustain the judgment.

The cases decided by the Supreme Court of Iowa, and

cited by counsel for appellee on this point, do not conflict with this conclusion. Those cases hold that a right of action survives to the administrator of the person injured, though the deceased survived the injury only for a moment. But in that state no damages are allowed for pain and suffering unless the action is commenced by the injured party himself. If the action is brought by the administrator, compensation for pecuniary loss to his estate is alone considered, and the courts then hold that bodily pain and suffering in no manner affect the estate, and that in such actions there is no basis for such damages. *Dwyer* v. *Railway Company*, 84 Iowa, 479. So in this state an action will lie for the benefit of the next of kin to recover damages suffered by them on account of the wrong, though the death be instantaneous. But, when plaintiff seeks to recover for pain and suffering borne by deceased, there must be evidence to show such suffering, before a judgment can be sustained on that ground. In assessing damages for wrongs causing death, the law does not undertake to find a sum equal to the value of life to the deceased, or for which the person killed would have voluntarily suffered death. That would be impracticable; for to most persons life is a priceless gift, which would not be surrendered for the value of an entire railroad paid to their estate. Nor, in allowing a recovery for pain and suffering, does it aim to fix a sum that would lead one willingly to endure such pain; for few would consent to have a leg crushed off, and bear the loss for many times the sums allowed. *Union Pacific Ry. Co.* v. *Milliken*, 8 Kas. 647. "In the absolute sense," said the Supreme Court of Georgia, "damages equivalent to all the assets of a railroad company might not be excessive, nor even adequate, for a serious personal injury resulting from its negligence; but in any practical sense the damages in either case must be graduated, so that there may be railroads left in existence, and so that all like injuries occasioned by their use may be compensated in some reasonable degree." *Western & Atl. R. Co.* v. *Young*, 83 Ga. 512. The injury being irreparable and already suffered, the jury, after hearing the evidence, are allowed to assess a sum which in their judgment they deem a reasonable compensation,

having regard for the severity and duration of the pain and suffering. On this paragraph of the complaint, the only damages sought are for pain and suffering, and this is not shown to have lasted longer than an instant. The jury in such cases are given great latitude, for courts do not undertake to measure pain and suffering; but their judgment is not altogether uncontrolled, and, when such questions are brought before the judge on motion for new trial, in determining whether the proper bounds have been exceeded, he must, to a large extent, be governed by the practice of courts in such cases, as shown in the decision.

In view of these decisions, all of which, so far as we know, hold that in cases of instantaneous death nothing can be recovered for pain and suffering, the judgment on the first count, even if the evidence justifies more than nominal damages, must be regarded as excessive, and probably allowed by the jury on the theory argued here that the child continued to suffer conscious pain and mental agony after the engine had passed over her, of which, as we have stated, there is no evidence. The argument on this point, and the amount of the verdict, convince us that the jury based their assessment of damages on a view of the facts not supported by the evidence, and we think it should be set aside.

On the second count, brought by the father as the personal representative of the deceased, and for his benefit as next of kin, the jury assessed the damages for injury sustained at the sum of $500. The evidence showed that the deceased was a bright, healthy child, between six or seven years of age, and, in view of this and other circumstances in proof, we think, if defendant is liable, the verdict was moderate. But on the trial the court refused to instruct the jury that the plaintiff could not recover on this count if it was shown that he was guilty of negligence contributing to his injury. While the negligence of the parent will not be imputed to the child, and the administrator of its estate, if dead, may recover damages for pain and suffering caused by negligence of defendant, notwithstanding the parent himself was guilty of negligence contributing to the injury, yet the rule is different when the

parent sues, not for the estate, but for his own benefit. In such a case the rule that no one can recover damages for any injury caused by his own negligence applies. If this rule is sound when applied to cases where one sues for an injury to himself, there are stronger reasons to support it when he asks damages for injuries to another. Love of life and dread of pain would usually restrain one from subjecting himself to injury for the purpose of basing thereon an action for damages, even if contributory negligence did not bar a recovery. But it might be different with regard to injuries to others, and it would be specially unwise and dangerous to remove this restraint in such cases. We therefore think that the instruction asked should have been given.

The child was too young to be guilty of negligence, and we do not say that the father was guilty in that regard. But he allowed his young child to go visiting when he knew she would have to pass the railway tracks. The train at that time was overdue, and might be expected at any moment. She was allowed to go unattended, and without having been specially cautioned to avoid the trains. Under these circumstances, it was a question for the jury to say whether he was guilty of contributory negligence, and the instruction asked by appellant on this point should have been given.

For these reasons, the judgment on the whole case must be reversed, and a new trial ordered.