LAWRENCE BLIGH

*vs.*

BIDDEFORD AND SACO RAILROAD COMPANY.

York.    Opinion January 5, 1901.

*Death.   Action.*

No action, at common law, by a father lies for the instantaneous death of a minor son.

ON EXCEPTIONS BY PLAINTIFF.

The facts appear in the opinion.

*B. F. Cleaves, H. T. Waterhouse and G. L. Emery*, for plaintiff.

This is not an action to recover for the death of a person, for which no action is given at common law for such an injury; nor is this an action brought by the personal representative under our recent statute.   But it is merely an action brought to compensate the plaintiff for the loss of that to which he was entitled, viz: the services of his minor son during minority.   The case involves two propositions: first, has a parent or master any right of action for the loss of services of his minor child or servant; second, what would be the amount of such damages.

Counsel cited:    *Wilton* v. *Middlesex R. R.*, 125 Mass. 130; *Morgan* v. *Southern Pacific R. R.* 17 L. R. A. p. 71; *Texas & P. R. R. Co.* v. *Morin*, 66 Texas, 133; *Ford* v. *Munroe*, 20 Wend. 210; *Caldwell* v. *Brown*, 53 Penn. 453; *Lehman, Admr.*, v. *City of Brooklyn*, 29 Barb. 234; *Hartman* v. *Bergen County Traction Co.*, 61 N. J. L. 682; *Baker* v. *Flint, etc., R. R. Co.*, 16 L. R. A. 154.

*Hampden Fairfield, L. R. Moore, N. B. Walker*, for defendant.

Counsel cited among other cases:    *Sawyer* v. *Perry*, 88 Maine, 46; *McKay* v. *Dredging Co.*, 92 Maine, 458; *Gulf, Colorado & Sante Fe Ry. Co.* v. *Beall*, 41 L. R. A. 807, and note.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, FOGLER, JJ.

STROUT, J.   A son of the plaintiff, aged two years, was run over and instantly killed by an electric car of the defendant.   This action is brought by the father to recover for loss of service, expenses of burial, etc.

At common law, no remedy by action existed for loss of life. By statute of 1891, an action is given to the personal representatives of the deceased, for the benefit of persons therein named. This suit is not under that statute.

We are aware of the case *Ford* v. *Munroe*, 20 Wend. 209, in which such an action was sustained.   But it does not appear in that case that the killing was instantaneous.   We have found no other case in which an action by the father for loss of services has been sustained, where the death of the minor was instantaneous. The decisions in Massachusetts are the other way.   *Moran* v. *Hollings*, 125 Mass. 93; *Carey* v. *Berkshire Railroad*, 1 Cush. 475; *Kearney* v. *B. & W. R. C.*, 9 Cush. 108.   It was early so adjudged in England.   *Baker* v. *Bolton*, 1 Camp. 493, and has remained the doctrine of the English courts until the statute 9 and 10 Vic., c. 93, afforded a remedy to an administrator for the benefit of the persons named in the act.

Whether the law ought to allow a remedy like that claimed in this case, is for the legislature to determine.   As the law now is, none exists.   The nonsuit was properly ordered.

*Exceptions overruled.*