[No. 11055. Department Two. July 22, 1913.]

JOHN B. FOGARTY, as *Administrator etc., Respondent,* v.

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLI-GENCE—APPORTIONMENT UNDER FEDERAL ACT—QUESTION FOR JURY. Under § 3 of the Federal employers' liability act, providing that contributory negligence is not a defense but that the damages are to be diminished by the jury in proportion to the negligence attributable to the employee, contributory negligence and the apportionment of damages are for the jury.

DEATH—RIGHT OF ACTION—FEDERAL ACT—DAMAGES RECOVERABLE—INSTRUCTION. In an action for wrongful death under the Federal employers' liability act limiting the recovery by dependent relatives to loss resulting from deprivation of reasonable expectancy of pecuniary benefits, it is error to instruct that the law has no fixed standard by which to ascertain the damages, and that the question to determine was what loss the plaintiffs suffered by reason of the death of the deceased, and that the deceased owed the "legal duty" to support his wife and child (whom he had deserted), and that they were entitled to recover independently of whether or not he contributed anything to their support.

SAME—DAMAGES—APPORTIONMENT. In an action under the Federal employers' liability act by a wife and child for the wrongful death of the husband and father, it is error to instruct the jury to assess damages in a single sum; since the recovery depends on the pecuniary loss suffered by each beneficiary.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered October 3, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

[1]Reported in 133 Pac. 609.

*Englehart & Rigg*, for appellant.

*William M. Thompson* and *Henry J. Snively*, for respondent.

MORRIS, J.—This action was brought under the Federal employers' liability act on behalf of the widow and minor child to recover damages for the death of Frank E. Myers, caused by the derailment of an engine upon which the deceased was working as fireman.

The negligence charged was in failing to cause a switch to be properly set and closed, and maintaining it in an open and defective condition.

Several defenses were pleaded, none of which need be referred to except two. The first of these is contributory negligence. All that need be said in regard to this charge is that, under section 3 of the act, contributory negligence is not a bar to recovery, but the damages are to be diminished by the jury in proportion to the amount of negligence attributable to the employee. It will thus be seen that, in cases under this act, it becomes a question of fact for a jury to apportion the negligence of the employer and the employee, and to render a verdict in such an amount as they shall fairly determine to represent the true apportionment. The cases must,. therefore, be rare in which the court would be justified in saying, as a matter of law, that the contributory negligence of the employee so far exceeds the negligence of the employer that the jury would not be justified in returning a verdict in any amount. Whether or not such a rule should be adopted need not here be discussed, as the facts upon which the charge of contributory negligence is here based are so plainly for the determination of the jury that it would be a judicial usurpation of power to interfere with the verdict.

The next defense to be noted is that, long prior to the death of deceased, the deceased and his wife had abandoned each other and had not lived together as husband and wife.

It was also charged in this connection that the deceased had also abandoned the minor child, who is now about seven years of age, and had not contributed to the support of this child for many years, and that neither the widow nor the child was to any extent dependent upon the deceased for support. The jury returned a verdict assessing the damages in a lump sum at $20,000, which the lower court reduced to $12,500, and the company appeals.

In submitting this defense to the jury, we think the lower court committed error. The jury were instructed that, in cases of this character, the law has no fixed standard by which to ascertain and fix the damages, and that the question for them to determine was, what loss did the wife and child suffer by reason of the death of the deceased. The jury were further told that the damages should be assessed in a single sum for the benefit of the surviving widow and child.

Whatever may be the rule as to the correctness of these instructions in an ordinary action for wrongful death under the statutes of this state, they were not correct as applied to a cause of action founded upon the Federal employers' liability act. Under this act, as interpreted by the supreme court of the United States, a new and distinct right of action is given for the benefit of the dependent relatives named in the statute, and the damages recoverable are limited to such loss as results because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee. The damage is limited strictly to the financial loss sustained. If there is no reasonable expectation of pecuniary benefits, or no financial loss sustained, then there can be no recovery under this act. The court below went beyond this limitation in charging the jury that, in cases of this character, the law has no fixed standard by which to ascertain the loss and that the sole question for them to determine was what loss did the wife and child suffer. The law does fix a standard, and that standard or measure is the financial benefit which might reasonably be expected in a

pecuniary way, and the question for the jury to determine was not what general loss, but what pecuniary loss did the wife and child sustain. In speaking of the damages or loss recoverable under this act, the supreme court of the United States, in *Michigan Central R. Co. v. Vreeland*, 33 Sup. Ct. 192, says:

"The damages are such as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries. The pecuniary loss is not dependent upon any legal liability of the injured person to the beneficiary. This is not the sole test. There must, however, appear some reasonable expectation of pecuniary assistance or support of which they have been deprived."

Another instruction was:

"You are instructed that it was the legal duty of the deceased in his lifetime to care for and support his wife and child, even though he lived separate and apart from them, or they lived separate and apart from him, and this duty could not be avoided by him by any voluntary act on his part, and a wife and child have the right to recover damages for the death of the husband and father caused by the negligence of another independent of whether he has contributed anything to their support."

This we think was erroneous, in that it fixes "legal duty" independent of pecuniary benefits as a measure by which the jury should estimate the damages instead of the pecuniary benefits which the wife and child might have reasonably received during the lifetime of the deceased. This same interpretation of the character of the loss recoverable under this act is also made in *American R. Co. v. Didricksen*, 33 Sup. Ct. 224, where it is held that the damages recoverable are limited to the loss sustained by the deprivation of a reasonable ex‑ pectation of pecuniary benefits and the financial loss sustained.

It was also error to direct the jury to assess the damages in a single sum. The jury might have found, as between the widow and child, that they did not sustain an equal financial

loss, or they might have found that one sustained such a loss while the other did not; yet, under the instructions, to assess the damages in a single sum, there was no way to indicate the determination of the jury as to the pecuniary loss suffered by each claimed beneficiary. This question in cases under this act has lately been reviewed by the supreme court of the United States in *Gulf, Colorado & S. F. R. Co. v. McGinnis*, 33 Sup. Ct. 426, where it said:

"The statutory action of an administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit was brought. Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."

For these reasons, the judgment is reversed, and the cause remanded for a new trial.

MAIN, FULLERTON, and ELLIS, JJ., concur.