No. 19,594.

MARY E. HACKNEY, as Administratrix, etc., *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. FEDERAL EMPLOYER'S LIABILITY ACT—*Personal Injuries—Contributory Negligence—Assumption of Risk—Recovery Not Defeated.* Under the federal employer's liability act (Part 1, 35 U. S. Stat. at Large, ch. 149, 4 U. S. Comp. Stat. 1913, §§ 8657-8665), in an action for injury received by a fireman in a train collision caused by another train crew in negligently leaving a switch open, where the fireman was guilty of contributory negligence in not seeing the danger light at the open switch, assumption of risk because of such contributory negligence will not defeat a recovery.

2. SAME—*Two Acts of Negligence—Two Employees—Proximate Cause.* When two acts of negligence by different employees contribute to a train collision, one of such acts can not be said, as a matter of law, to be the sole proximate cause thereof.

3. SAME—*Contributory Negligence Goes to Diminution of Damages.* Under the federal employer's liability act, contributory negligence goes to a diminution of damages, and it is for the jury to apportion such damages.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 12, 1915. Affirmed.

*W. W. Brown, James W. Reid,* and *E. L. Burton,* all of Parsons, for the appellant.

*C. E. Pile,* of Parsons, *J. A. L. Wolfe, J. W. Wood,* and *James P. Haven,* all of Sherman, Tex., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for damages under the federal employer's liability act. The plaintiff, as administratrix of the estate of the deceased, recovered judgment. The defendant appeals.

Rolla Earl Hackney, a fireman on the defendant's passenger train from Oklahoma City, Okla., to Parsons, Kan., was killed in Oklahoma in a collision between the passenger train and a freight train standing on a sidetrack, waiting for the passenger train to pass. After backing in upon the sidetrack, the freight-train crew left the switch ahead of the freight train open. The passenger train ran into the open switch and collided with the freight train. Two grounds of negligence are alleged: one, that the crew of the freight train left the switch open; and the other, that the engineer on the passenger train failed to observe the danger signals shown at the open switch. The defenses are assumption of risk and contributory negligence.

The jury returned a general verdict for the plaintiff, and made the following special findings:

"1. On account of the curve in the track, how far could a person on the engineer's side of engine No. 343 see the switch light at Mahan on the morning of August 2, 1912, as said engine pulling train No. 22 approached from the south? Ans. 200 feet.

"2. How far could a person on the fireman's side of said engine 343 see the switch light at Mahan on the morning of August 2, 1912, as said engine approached from the south? Ans. 1400 feet.

"3. When approaching Mahan siding, was the fireman R. E. Hackney for a distance of at least one-quarter of a mile sitting on the seat on the fireman's side of the engine? Ans. Yes.

"4. Was said R. E. Hackney at and before the accident familiar with the track southward from Mahan? Ans. Yes.

"5. On and before August 2, 1912, did the defendant have in force a rule substantially, as follows: '345.—Firemen as well as enginemen must watch signals and switches carefully, as frequently the first view can be had from the fireman's side'? Ans. Yes.

"6. Did said R. E. Hackney at any time before the collision, warn the engineer that the switch at Mahan was open for the siding? Ans. No.

"7. If you find for plaintiff, what amount do you find would reasonably compensate her for what she could reasonably expect she would have recovered from the deceased had he lived? Ans. $8000.

"8. If you find for the plaintiff, what sum do you deduct from the amount of damages sustained by the plaintiff because of the negligence of the fireman in failing to obey said rule No. 345? Ans. $1142.85.

"9. If the fireman of engine 343 had warned the engineer as soon as he reasonably could do so after coming out of the cut into view of the switch at Mahan, could the engineer have stopped the train and have prevented the collision? Ans. Yes.

"10. If you find for plaintiff, on what act or acts of negligence do you base your verdict? Ans. Leaving switch open and neglect of same.

"11. At what speed was train No. 22 running when it passed the switch at Mahan? Ans. 15 to 25 miles per hour."

(1) It is argued that the deceased, by reason of his failure to observe the red light and inform the engineer thereof, assumed the risk of any injury that might be caused by the train running into the open switch. The deceased was negligent in not observing the light and informing his engineer. That negligence contributed to the deceased's injury, but was not the sole proximate cause of it. The switch had been negligently left open by the crew of the freight train. That negligence was a proximate cause of the injury. Without that negligence, the accident would not have occurred. The primary, immediate cause of the accident was the open switch. The negligence of the deceased was slight compared with that of the crew of the freight train. The federal employer's liability act provides that contributory negligence shall not be a bar to a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee. The statute also provides that the carrier shall be liable to any of its employees for all damages which may result from the negligence of any of its officers, agents, or employees. If assumption of risk on account of the negligence of the injured employee is a defense in an action of this kind, the statute fails to accomplish its purpose.

(2) It is next argued that the sole proximate cause of the deceased's injury was his failure to give warning to the engineer. This is not correct. The open switch caused the accident. It was left open by the freight-train crew. The accident could have been prevented by closing the switch, or by stopping the passenger train. Unquestionably, the deceased and the freight-train crew, by their negligence, contributed to the accident, but it can not be said that the negligence of the deceased was the sole proximate cause thereof. To say this would contradict the facts as they existed.

(3) It is argued that because of the negligence of the deceased, the judgment should be reduced to $4000. In *Fogarty*

*v. Northern Pac. R. Co.*, 74 Wash. 397, 133 Pac. 609, the supreme court of Washington said:

"In cases under this act, it becomes a question of fact for a jury to apportion the negligence of the employer and the employee, and to render a verdict in such an amount as they shall fairly determine to represent the true apportionment." (p. 398.)

(See, also, *Sandidge v. Atchison, T. & S. F. Ry. Co.*, 113 C. C. A. 653, 193 Fed. 867, 869, 876, and Note in 47 L. R. A., n. s., 61.) We do not think we are warranted in disturbing the verdict of the jury in this matter.

The judgment is affirmed.