### CHICAGO, M. & ST. P. RY. CO. et al. v. CLEMENT. *

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

No. 2570.

1. DEATH ☞11—STATUTES—CONSTRUCTION.
   Under Rev. Codes Mont. § 6494, providing that an action, or cause of action, shall not abate by the death of a party, but shall, in all cases where a cause of action arose in favor of such party, survive and be maintained by his representative, no new right of action is created, and the representative's right is conditioned upon the right of the party to maintain an action himself; hence, in a case of instantaneous death, the representative cannot recover for conscious suffering by his deceased before death, for deceased himself would have no action.
   [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. ☞11.]

2. DEATH ☞77—ACTIONS—EVIDENCE—SUFFICIENCY.
   In an action for damages for suffering endured by deceased, who was run down by a train, evidence *held* insufficient to raise the question that deceased underwent any pain or suffering before death.
   [Ed. Note.—For other cases, see Death, Cent. Dig. § 96; Dec. Dig. ☞ 77.]

In Error to the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Action by David Clement, as administrator of the estate of David Clement, Jr., deceased, against the Chicago, Milwaukee & St. Paul Railway Company and others. There was a judgment for plaintiff, and defendants bring error. Reversed and remanded.

The plaintiff's intestate was in an inclosed milk wagon, having a glass front and side doors, drawn by two horses. and he was driving at a slow trot, or about five miles an hour, at 4 o'clock on a November morning, on a street which was 80 feet wide, across which ran the defendants' railroad track. At the crossing the wagon was struck by the sloping rear end of a switch

---

engine, drawing 12 cars loaded with coke and coal, backing westward at about six miles per hour. The wagon was carried along the track for about 250 feet, and until the train stopped. Immediate search was made by the train hands for the body of the driver of the wagon, and it was found mangled under the cars, about 100 feet west of the street, with the head severed at the bridge of the nose, but blood was found about 50 feet from the street, and several portions of the body were found at about 90 feet from the street. When found the deceased was dead. No witness saw him until he was found dead, and no outcry was heard from him at any time. Among the errors assigned is the denial of the defendants' motion, made at the conclusion of the testimony, for a directed verdict in their favor.

George F. Shelton, Fred J. Furman, and A. J. Verheyen, all of Butte, Mont., for plaintiffs in error.

Burton K. Wheeler and A. A. Grorud, both of Butte, Mont., and H. G. Murphy, of Helena, Mont., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The present action was brought to recover damages for the injury and suffering endured by the deceased. The complaint alleged that between the time when the injury was inflicted upon him and his death, he had a cause of action against the defendants for said injuries, and that the cause of action survived to his administrator. Section 6494 of the Revised Codes of Montana provides that an action or cause of action shall not abate by the death of a party, but shall, in all cases where a cause of action arose in favor of such party prior to his death, survive and be maintained by his representative. In ascertaining the meaning of that statute, we are to be guided by the construction given it by the Supreme Court of Montana. In Dillon v. Great Northern Ry. Co., 38 Mont. 485, 100 Pac. 960, it was held that the statute presupposes the existence of a cause of action in favor of the deceased, that it does not create a new cause of action, but carries forward and preserves to his heirs and representatives the right which the deceased had before his demise. In that case the deceased had been killed in a railroad collision, and from the agreed statement of facts it appeared that he was instantly and immediately killed, and did not survive for a second after the accident. The court held that there could be no survival of an action in the heirs, since the wrong and the death of the decedent were coincident in point of time. In Melzner v. Northern Pac. Ry. Co., 46 Mont. 162, 127 Pac. 146, the court said that the evidence was sufficient to show that the decedent survived his injuries for an appreciable length of time, "and therefore he had a cause of action for damages for the injuries sustained." The court cited Dillon v. Great Northern Railway, supra, and in both cases Kellow v. Central Iowa Ry., 68 Iowa, 470, 23 N. W. 740, 27 N. W. 466, 56 Am. Rep. 858, was cited. In the Iowa Case so cited, the court, construing a statute similar to that of Montana, said:

"But. as the person survived the injury for that brief period, it cannot be said that the death was instantaneous. The evidence shows that Carter sur-

vived the injury for a few moments. He was not found for some time after the collision occurred, but life was not extinct when he was found. He still breathed. although he died before he could be removed from the wreck."

And the court held that as the decedent had lived after the injury, a cause of action therefore accrued in his favor. In Beeler v. Butte & London C. D. Co., 41 Mont. 465, 110 Pac. 528, it did not appear that Beeler's death was instantaneous, but on the contrary there was sufficient—

"competent evidence in the record to support the conclusion that he lived an appreciable time after the injuries were sustained."

The court approved an instruction to the jury that if they found for the plaintiff, they were limited to the sum of money which would have compensated Beeler for the pain and suffering of mind and body which the injuries caused, between the time when he was injured and the time when he died, "if he survived the injuries for any length of time." From these decisions we deduce the Montana rule to be that if death is instantaneous, there can be no recovery, but that if the person injured survived the injuries an appreciable length of time, damages may be recovered.

[2] The court below was of the opinion that, from all the facts and circumstances, the jury could reasonably infer that the collision did not kill the deceased, and that he lived until he fell from the wagon and was fatally run over by the train wheels, and that this was not a mere conjecture, but a probable inference which reasonable men might draw, and that a cause of action accrued at the tort's inception. This view of the case assumes that a cause of action for personal injuries and suffering may have arisen before any injury is proven to have been sustained. There is no proof in the case that the deceased was injured by the collision whereby the engine picked up and carried along the wagon in which he was, or that he suffered any injury before he fell under the car wheels, or that on falling from the wagon he was not instantly killed. It is to be borne in mind that the damages recoverable in such a case are for what was incurred and suffered while the injured person lived, and that the right of action must have accrued to him in his lifetime. In Kennedy v. Standard Sugar Refinery, 125 Mass. 90, 28 Am. Rep. 214, the plaintiff's intestate, while working on a platform, by reason of a defect in the platform, fell a distance of 20 feet to the ground, and was immediately rendered unconscious and subsequently died. The court admitted as an abstract proposition of law that if a man is precipitated from a height by the negligence of another, he may recover as one element of his damages for any mental suffering he may prove he endured during his fall. The court said:

"The plaintiff was entitled to recover only such damages as she proved were sustained by her intestate. The burden of proof was upon her to show that the intestate endured mental suffering during the fall, before the jury could allow any damages on that account."

And the court added:

"Whether he suffered any mental terror or distress is purely a matter of conjecture. The plaintiff therefore could recover nothing on this account."

In Moran v. Hollings, 125 Mass. 93, the plaintiff offered to show that by reason of the defendant's negligence, her intestate fell a distance of 40 feet through four hatchways, and was instantly killed by striking on the lower floor of the defendant's building, and contended that in falling through the hatchways, he might have struck against some obstacle, thereby receiving injuries for which he might have recovered damages, but no evidence was offered on that point. The court held that there was no proof of injuries during the lifetime of the intestate for which damages could be recovered. In The Corsair, 145 U. S. 335, 348, 12 Sup. Ct. 949, 953 (36 L. Ed. 727) the court said:

"But the very fact that she died by drowning indicates that her sufferings must have been brief, and, in law, a mere incident to her death. Her fright for a few minutes is too unsubstantial a basis for a separate estimation of damages."

The court in that case cited the two Massachusetts decisions above referred to, also Hollenbeck v. Berkshire Railroad Co., 9 Cush. (Mass.) 478, in which Chief Justice Shaw said:

"The question, in deciding whether any case is within the statute is whether the sufferer survived; that is, lived after the act was done which constitutes the cause of action. Life or death—that is the test. If the death was instantaneous, and, of course, simultaneous with the injury, no right of action accrues to the person killed, and, of course, none to which the statute can apply. But if the party survives, lives after it, the right of action accrues to him, as a person in esse, and his subsequent death does not defeat it, but, by operation of the statute, vests in it the personal representative."

In Corcoran v. Boston & Albany Railroad, 133 Mass. 507, the court said:

"It is impossible to tell from the evidence how the intestate fell from the cars, what he was doing at the time, whether his death was instantaneous, or whether he endured any conscious suffering before his death. These questions are left to conjecture. The evidence would not justify the jury in finding that the plaintiff had sustained the burden of proof which was upon her as to these points."

In St. Louis, I. M. & S. Ry. Co. v. Dawson, 68 Ark. 1, 56 S. W. 46, a case very similar to the case at bar, the deceased was struck by a train and had been pushed along the track. One of her legs had been cut off above the knee, and the skull was broken. The court said:

"Plaintiff's case is based on the theory that the child was struck and run over by the engine; and, as no witness saw her after she was struck, until the entire train had passed, the argument that she received her mortal injuries, not from the engine, but from the cars behind, is based on conjecture only. It is purely guesswork, and not sufficient to sustain the judgment."

In the case at bar we think there was no evidence to go to the jury to show that the plaintiff's intestate suffered for any appreciable time before he died, and in reaching this conclusion we take into view all the facts and circumstances shown by the testimony. We do not say that the obvious circumstances attending an injury to a person from which he dies may not be such as to justify the conclusion that suffering preceded death. Such an inference may be properly

drawn, for instance, where one is slowly smothered to death, or where, as in Clark v. Manchester, 64 N. H. 471, 13 Atl. 867, death was caused by drowning in muddy and slimy water. In those cases, from the very laws of nature, it is deducible that there must have been physical and mental pain. But in the case at bar, we find no fact which justifies more than a conjecture that the plaintiff's intestate endured physical pain or suffering before his death.

The judgment is reversed, and the cause is remanded for a new trial.