[No. 13838.   Department One.   August 22, 1917.]

GUISEPPE CREVELLI, *Respondent*, v. CHICAGO, MILWAUKEE
& ST. PAUL RAILWAY COMPANY, *Appellant*.[1]

DEATH—ACTION FOR WRONGFUL DEATH—DEFENSES—CONTRIBUTORY
NEGLIGENCE OF PLAINTIFF. The contributory negligence of a father
in fraudulently misrepresenting his minor son's age in putting him
to work may be urged as a defense to an action by the father under
the survivor statute, Federal Employers' Liability act of 1908, as
amended (U. S. Comp. Stat. § 8665) to recover for pain and suffer-
ing endured by the deceased.

SAME.   Such contributory negligence of the father would also
be a defense to a recovery by the mother, in view of Rem. Code,
§ 5917, providing that all property acquired by either spouse, except
by gift, devise or descent, shall be community property; since half
would belong to the husband, allowing him to profit by his own
wrong.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered August 24, 1916, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for wrongful death.   Reversed.

*Geo. W. Korte* and *Cullen, Lee & Matthews*, for appellant.
*Zent & Powell* and *Jos. A. Albi*, for respondent.

CHADWICK, J.—Luigi Crevelli, a youth of about 16 years,
suffered an internal injury while helping three others lift a
hand car from the tracks of appellant's railway.

The boy had been put to work by appellant upon the rep-
resentation of his father, one of the same section crew, that
he was over the age of 17 years.   Soon after the accident,
Luigi was attacked by pains in the abdomen.   He was later
taken to a hospital, where his trouble was diagnosed as
chronic appendicitis.   An operation for appendicitis, and
what is surgically known as "Lane's Kink," was performed.
After lingering for some weeks, he died; from infection, ap-
pellant says; from an injury to the *meso-colon*, caused by

[1]Reported in 167 Pac. 66.

lifting, the respondent contends; the latter condition being revealed by an examination of the exhumed body some time after the death of Luigi.

This action was brought under the Federal employers' liability act of April 22, 1908, and the amendment thereto of April 5, 1910. A jury having passed on the facts, we shall not review them further, but come at once to the two questions of law which are necessary to be decided.

Appellant first contends that the deceased assumed the risk. It will not be necessary for us to pass on this point, in view of our holding on the question as to whether the negligence of the father in putting his boy to work under a false statement as to his age, and which has been judicially determined by the entry of a judgment *non obstante* on the first cause of action, will be imputed to the father and bar a recovery upon the second cause of action for pain and suffering which existed in the deceased, and which survives to the parents by the terms of, and solely in virtue of, the statute.

There was no survival of an action for tort at common law. While a right of action existed in the party injured, it died with him. The cause of action given—sometimes to the estate and sometimes to named persons—is in reality a creation. To say that a cause of action which is personal and which dies with the person survives can hardly be said to be a correct statement. It is only by force of statute that a survivor can assert a right to recover. The deceased had a right of action. The survivor of the estate has no right of action, but is given a cause of action purely statutory, and in which the added elements of death and designation of beneficiaries by statute are essential ingredients.

The controlling question, then, is whether the negligence of the father—the fraud and misrepresentation as to the age of the boy—may be urged as a defense. That it may be so urged in an action for wrongful death is admitted, but respondent insists that it is no defense to an action to recover

under the survivor statute for pain and suffering endured by the deceased and for which he might have maintained an independent action if he had survived his injury.    Counsel cites the following cases:    *Warren v. Manchester St. R. Co.,* 70 N. H. 352, 47 Atl. 735; *Love v. Detroit J. & C. R. Co.,* 170 Mich. 1, 135 N. W. 963; *Nashville Lumber Co. v. Busbee,* 100 Ark. 76, 139 S. W. 301, 38 L. R. A. (N. S.) 754; *St. Louis, I. M. & S. R. Co. v. Dawson,* 68 Ark. 1, 56 S. W. 46; *McKay v. Syracuse Rapid Transit R. Co.,* 208 N. Y. 359, 101 N. E. 885; *Wymore v. Mahaska County,* 78 Iowa 396, 43 N. W. 264, 16 Am. St. 449, 6 L. R. A. 545; *Westfield v. Lewis,* 43 La. Ann. 63, 9 South. 52; *Norfolk & W. R. Co. v. Groseclose's Adm'r,* 88 Va. 267, 13 S. E. 454, 29 Am. St. 718; *Wilmot v. McPadden,* 78 Conn. 276, 61 Atl. 1069; *Southern R. Co. v. Shipp,* 169 Ala. 327, 53 South. 150; *Ploof v. Burlington Traction Co.,* 70 Vt. 509, 41 Atl. 1017, 43 L. R. A. 108.

Appellant calls attention to the fact that, in each of the cases cited, the right of recovery was given to the *estate* of the deceased person, and that, in such cases, the estate, in which creditors may have an interest, being the primary claimant, and the heirs only secondarily interested, the court will not deny a recovery upon the theory of imputed negligence, although the negligence of one who may share in the award contributed to the injury.

But it is insisted that, where the statute gives a cause of action in favor of certain named beneficiaries and not in favor of the estate, although the action is to be maintained by the personal representatives for the benefit of the heirs or those named in the statute, the action is so far personal to the one seeking a recovery as to admit of defenses going to the conduct of the party, under the maxim that no one shall profit by his own wrong.

This court has held that a person suing for the death of a child, where the recovery is for the benefit of the parent, and the entire recovery goes to him, may not recover when

his negligence contributed to the death. *Vinnette v. Northern Pac. R. Co.*, 47 Wash. 320, 91 Pac. 975, 18 L. R. A. (N. S.) 328.

The like rule has been applied when the action is brought under the survivor statute, the recovery going to a named beneficiary and not to the estate.

"The difference between an action by the father for injuries to the child where death does not ensue and an action by the father as administrator of his dead child, brought under the statute for his own benefit, is a difference in form merely, not in substance, and on principle there can be no more reason for permitting a recovery in the latter case than in the former. In both the father is the substantial plaintiff and the sole beneficiary. To allow a recovery in either would be a violation of the policy of the law, which forbids that one shall reap a benefit for his own misconduct. Accordingly the authorities are practically unanimous to the effect that the guiding principle in both classes of cases is identical, and the contributory negligence of the beneficial plaintiff will as effectually defeat a recovery in one case as in the other." *Richmond F. & P. R. Co. v. Martin*, 102 Va. 201, 205, 45 S. E. 894.

There can be no difference in principle whether the recovery is sought under the death act for loss of society and service, or under the survivor statutes for pain and suffering, for the right of the beneficiary is not to be determined by the right of the decedent, but by his own right as defined by statute. He is not maintaining an action for the benefit of the deceased, but for his own benefit, and that whether the action is maintained directly or by the administrator for his benefit. *Koloff v. Chicago, Milwaukee & Puget Sound R. Co.*, 71 Wash. 543, 129 Pac. 398; *Brodie v. Washington Water Power Co.*, 92 Wash. 574, 159 Pac. 791.

The cases upon which respondent really grounds his case are those of New Hampshire, Arkansas, Michigan and Iowa. Each of these cases rests upon a local statute and proceeds upon the theory that the recovery is for the benefit of the estate, or that the right of recovery is a descendible or in-

heritable thing, and being perfect in the deceased at the time of death, passes as any chose in action would pass, subject only to the defenses that might be urged against the owner. But each of the cases relied on, with a possible exception (the Iowa case) admits that the rule is different if the parent sues for his own benefit.

A careful reading of the cases convinces the writer that there is no real conflict in the authorities, unless it be in the New Hampshire case. But, if there be such conflict, there can be no difference in the principle involved, whether the suit be brought for the death or for the pain and suffering, for although many of the cases discourse learnedly upon the subject of imputed negligence, the justice of the cases rests in a deeper and more comprehensive principle, that is, that no man shall profit by his own wrong.

"The conclusion in these cases seems to have been reached mainly upon the rule that the negligence of the parents should not be imputed to the infant, and following the test of the statute, if the deceased himself could, had he lived, have maintained the action, then his personal representative may, because the action is for the benefit of the estate. These decisions appear to be clearly wrong. In the first place, the doctrine of imputed negligence is not called in question here, but rather another and wholly different fundamental principle, viz., that recovery will never be allowed in favor of a wrongdoer." 2 Kinkhead, Commentaries on Torts, § 475.

Of the cases relied upon by respondent, Mr. Tiffany, in his work on Death by Wrongful Act (2d ed.), § 71, says:

"It is to be observed that the cases mentioned in this section in Iowa, New Hampshire, and Arkansas arose under acts which were in form survival rather than death acts, and in some of the cases which have declined to follow the rule adopted by them they have been distinguished on that ground, yet it seems that whatever the nature of the right of action which the statute gives to the survivors designated the same principle should be applicable; that is, that no one shall profit by his own negligence, and that if any

beneficiary of the action has by his negligence contributed to the death there should be no recovery of damages for him."

We cannot understand how it can be otherwise. The right is not a chose in action or a property right. But for the statute, it would lapse on the death of the injured one. It is a right resting in the statute and is given for the benefit of particular, named persons. If there be none such, no cause of action can be stated.

"This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had,—one proceeding upon altogether different principles.

"In one of the earliest cases which arose under the act, Coleridge, J., said: 'It will be evident that this act does not transfer this right of action to his representative, but gives to the representative a totally new right of action, on different principles.' *Blake v. Midland R. Co.*, 18 Q. B. 93, 109.

"In *Seward v. The Vera Cruz*, 10 App. Cases, 59, Lord Blackburn said: 'A totally new action is given against the person who would have been responsible to the deceased if the deceased had lived; an action which . . . is new in its species, new in its quality, new in its principle, in every way new, and which can only be brought if there is any person answering the description of the widow, parent, or child, who under such circumstances suffers pecuniary loss.' " *Michigan Cent. R. Co. v. Vreeland*, 227 U. S. 59, 68, 69, Ann. Cas. 1914C 176.

While the statute of 1908 was considered in this case without the amendment of 1910, U. S. Comp. Stat. 1916, § 8665, the amendment could not change the rule announced, for the right to sue under either section is purely statutory and must be governed by the same principle. Indeed, it was expressly held in *Garrett v. Louisville & N. R. Co.*, 235 U. S. 308, that, until amended, no recovery upon the deceased's right of action could be maintained. Other cases to the same effect are: *American R. Co. of Porto Rico v. Didricksen*, 227 U. S. 145; *Gulf, C. & S. F. R. Co. v. McGinnis*, 228 U.

S. 173; *North Carolina R. Co. v. Zachary*, 232 U. S. 248, Ann. Cas. 1914C 159; *Thomas v. Chicago & N. W. R. Co.*, 202 Fed. 766. See, also, *Fogarty v. Northern Pac. R. Co.*, 74 Wash. 397, 133 Pac. 609, L. R. A. 1916C 800.

The next question is whether, the father being barred, the mother is also barred. On this point there is considerable conflict in the decisions of other states, but on account of the view we take of this case, it will not be profitable to discuss or attempt to reconcile them.

In *Vinette v. Northern Pac. R. Co.*, *supra*, this court held in effect that the negligence of one parent barred a recovery by the other, but did not discuss the underlying reasons why this should be so. The statute, Rem. Code, § 5917, governing the property rights of the spouses in this state, provides that all property acquired, except by gift, devise or descent, shall be community property. This court has held in *Hawkins v. Front St. Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808; *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784, and later cases, that damages recovered for the wife are community property. McKay in his work on Community Property in § 185, says: "A cause of action given to the parent for an injury to his child or servant is community property . . ." There would seem to be no good reason why, under the statute, this is not true. From the foregoing it will be seen that the damages recovered in this case, if any, by either parent would be community property.

In *McFadden v. Santa Ana, O. & T. St. R. Co.*, 87 Cal. 464, 25 Pac. 681, 11 L. R. A. 252, the court said, on page 467, this being a suit for injuries to the wife where the contributory negligence of the husband was set up as a defense:

"The right to recover damages for a personal injury, as well as the money recovered as damages, is property, and may be regarded as a chose in action, and if this right to damages is acquired by the wife during marriage, it like the damages when recovered in money, is, in this state [un-

der a statute similar to ours], community property of the husband and wife, of which the husband has the management, control, and absolute disposition other than testamentary."

The court then held that the failure of the lower court to instruct the jury that the contributory negligence of the husband was a good defense to the action was error.

Inasmuch as the damages recovered for the benefit of the wife, under the statute and decisions of this court, would be community property belonging half to the father, who is guilty of contributory negligence, and under his sole control and disposition, there is no way of allowing the mother a recovery without allowing the father to profit by his own wrong. This the law will not permit him to do.

The judgment is reversed.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.