## 9290

### KITCHENS v. MELTON.

#### (87 S. E. 1006.)

MASTER AND SERVANT.   EVIDENCE.   RES GESTAE.   CHARGE.   NEW TRIAL.

1. EVIDENCE—MASTER AND SERVANT—RES GESTAE.—Statements volun-
tarily made by a servant, unauthorized by the master and uncon-
nected with its business, and not a part of the *res gestæ* with refer-
ence to the condition of its machinery at time of injury, are not
admissible in evidence against the master.
2. CHARGE.—Held free from objection that it was upon the facts or
invaded the province of the jury.
3. NEW TRIAL—APPEAL AND ERROR.—The refusal of a motion for new
trial will not be reversed where no abuse of discretion by the trial
Judge appears in the record.

Before SMITH, J., Gaffney, Spring term, 1915.   Af-
firmed.

Action by M. Lou Kitchen, as administratrix of estate
of T. W. Kitchens, deceased, against G. S. Melton and
Gaffney Manufacturing Company.   From judgment for
defendant, plaintiff appeals on the following exceptions:

That his Honor erred:

1. In refusing the motion of plaintiff for a new trial on the grounds therein set forth, as a matter of law, in that his Honor should have in the discretion imposed upon him as a matter of law granted the said motion and abused his discretion in failing so to do.

2. In refusing to admit the testimony of the defendant, G. S. Melton, as against his codefendant, Gaffney Manufacturing Company, to the following effect: "That if the accident had not occurred when it did, it would not have occurred at all, as a new pipe had been ordered to take the place of the old one, and was delayed in shipment." The error being that the said statement showed knowledge on the part of the defendant, Gaffney Manufacturing Company, through its agent, G. S. Melton, of the defect in the said machinery, and the jury should have been allowed to consider this testimony in arriving at the liability of defendant, Gaffney Manufacturing Company.

3. In charging the jury the facts and judgment of the Court in a certain fertilizer case and in using the following language in connection with the said fertilizer case in application to the case now under consideration: "Let me illustrate that doctrine by the facts from one of our cases. There was a concern in this State engaged in the manufacture of fertilizer; in the course of its business the various ingredients which composed this fertilizer were moved from different parts of the building, and it had for this purpose a number of laborers, some of which were known as pickers and some as wheelbarrowmen. There was a large pile of acid, and it was moved in this way; the pickers would dig under it and that would cause the overhanging parts to fall, and the wheelbarrows would be rolled up and filled and moved away to where the parts were assembled for mixture. One laborer carried his wheelbarrow there and filled it, and as he turned away the overhanging part fell and struck him and injured him. In his suit to recover

damages for personal injuries our Court said that from the circumstances the danger which produced his injury was naturally incidental and grew out of the progress of that work, and in his contract of employment he had impliedly agreed not to hold his employer liable for an injury under such circumstances. Don't you see that is reasonable and just in view of the imperfection of human nature, the want of perfect foresight and judgment? If you find here that this deceased received injuries from which he died as the result of a condition which was incident to and naturally connected with and growing out of the progress of his work, was incident to his employment, he cannot recover, not because he was careless or negligent, but because he has impliedly agreed not to do so; and his failure rests upon contract, an obligation of which is just the same as that which forces you and me to recognize any obligation growing out of a contract."

(a) That his Honor, in effect, charged the jury that this was a case for the application of the same principle and the finding of the same judgment.

(b) That his Honor, in effect, took from the province of the jury the question of whether or not the deceased assumed the risk in this case.

(c) Because said illustration, deduction and charge was a charge on the facts contrary to Art. V, sec. 26 of the Constitution of this State.

4. In charging the jury as follows: "If you find in this case, and the facts are entirely for you, that this deceased was in the employment of this company as an engineer and knew all the conditions, surrounding conditions and dangers, as set up in this answer which you will take in the room with you and read, and being of sufficient age and experience and information to appreciate the extent and nature of the danger, with a full knowledge of those dangers and conditions, if any existed, freely and voluntarily opened the bleeder valve, as it is termed, and by so doing

it resulted in a condition and danger with which he was familiar and knew, and he did it freely and voluntarily, and that resulted in his death, the plaintiff could not recover, because he would have assumed the risk and waived the right to hold the master responsible for a breach of duty that existed in that regard." The error being:

(a) That it in effect took from the jury the consideration of the question as to what was the proximate cause of the injury.

(b) That his Honor, in effect, by this instruction charged the jury that the deceased turned the bleeder valve and knew what would be the result of his turning the same and was, it is respectfully submitted, a charge on the facts and in violation of art. V, sec. 26 of the Constitution of the State, forbidding Judges to charge on the facts.

(c) Because the said charge unduly emphasized the assumption of risk in connection with the rest of the charge and unduly minimized the consideration of the issue of negligence and had the effect of taking from the jury the province of passing on the proximate cause of the injury.

6. In charging as follows: "If you find that the plaintiff's intestate was employed as an engineer and was intrusted with the duty of inspecting the machinery placed under his care, and was under the duty to keep the same in repair or to repair defects, and he failed to discharge that duty, he was guilty of negligence if he failed as a result of the want of ordinary care and prudence, and if that negligence contributed to his injury as a direct and proximate cause he cannot recover." The error being, as it is respectfully submitted, that by this charge his Honor instructed the jury that the facts therein stated constituted negligence, and hereby charged on the facts contrary to art. V, sec. 26 of the State Constitution, this being entirely the province of the jury.

7. In charging the jury as follows:

"If you find that with the full knowledge attending the action of steam and water, making what has here been termed a water-hammer, and the nature and character of it is for you to determine, the Court can't tell you what it is, but if you find that he, with a full knowledge connected with the action of steam and water, in connection with what has been described as a water-hammer, carelessly and negligently opened the bleeder valve, with a full knowledge of the dangers and conditions attending the same, why, he can't recover, because he would be guilty of carelessness and negligence if he failed to exercise proper care and prudence in the matter, and if that contributed to his injury as a direct and approximate result, his action would be defeated." The error being:

(a) That by this charge his Honor, as it is respectfully submitted, charged the jury what facts constituted negligence and same was, therefore, a charge on the facts and in violation of that section of the Constitution forbidding same on the part of the presiding Judge.

(b) That by this charge his Honor, in effect, as it is respectfully submitted, charged the jury that there was no defect in the pipe and no negligence on the part of the company, and assumed that the defects, if any, were obvious to the deceased, although same may have been known by the company and not known to deceased, and the company had been negligent in not notifying the deceased of the said defects.

*Messrs. Dobson & Vassy,* for appellant, cite: *As to admissibility of declarations:* 8 Enc. 544; 174 Mass. 442; 77 Ga. 202; 75 S. C. 190. *Errors in charge:* 38 Cyc. 1773; 99 S. C. 397; 91 S. C. 201; 79 S. C. 97; 61 S. C. 556; 72 S. C. 194; 100 S. C. 33; 76 S. C. 49; 55 S. C. 179; 66 S. C. 482; 71 S. C. 176; 83 S. C. 325; 72 S. C. 411.

*Messrs. Bomar & Osborne,* for respondents, cite: *As to res gestæ:* 68 S. C. 276, 369, 462; 76 S. C. 91; 75 S. C. 197;

79 S. C. 450; 64 S. C. 104; 73 S. C. 557; 79 S. C. 125; 63
S. C. 559; 74 S. C. 551. *As to charge:* 69 S. C. 360; 70
S. C. 470; 77 S. C. 399; 73 S. C. 467; 65 S. C. 326; 79
S. C. 97; 71 S. C. 95; 76 S. C. 91.

March 1, 1916.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was an action by the plaintiff against the defendants
for damages for the alleged negligence of defendants in
causing the death of her intestate on February 22, 1912.
The cause was heard by Judge Smith and a jury at the
Spring term of Court, 1915, for Cherokee county, and
resulted in a verdict for the defendants. A motion for a
new trial was made by the plaintiff, which was refused.
After entry of judgment plaintiff appeals, and by seven
exceptions imputes error on the part of his Honor. At the
hearing of the case plaintiff's counsel abandoned the fifth
exception.

The exceptions are subdivided and impute error to his
Honor in excluding certain testimony offered by the plain-
tiff against the Gaffney Manufacturing Company, and in
instructing the jury to disregard it in so far as it affected the
Gaffney Manufacturing Company. The evidence
shows that the plaintiff's intestate died as a result of
the bursting of a large steam pipe in the plant of the
defendant company a few minutes after six o'clock on the
morning of February 22, 1912. This is an admitted fact in
the case. It is in evidence that the deceased was buried on
February 24, two days after his death. Mrs. Kitchens and
Lidie Kitchens testified that one night while he lay a corpse,
the defendant, Melton, was at her house, and, in substance,
said that he was sorry for the accident, "and that if it
would have held up a few days longer it would not have
occurred, because he had a piece ordered to fill the place, and
he would have had it in a few days, and that it was delayed.

He had a bill of it, but it was delayed on the road by some purpose."

It was insisted by plaintiff's counsel that this was competent evidence against both defendants as showing knowledge by the company of the alleged defective condition of the pipe. His Honor held it incompetent as against the company and so instructed the jury.

Was his Honor in error in so holding? It could not have been admitted as a part of the *res gestæ*. The time and circumstances do not bring it within that doctrine, the admitted fact is that the deceased died about six o'clock on the morning of February 22, 1912, and was buried February 24, and one night while he was a corpse, Melton called, and while there made the alleged statement; as far as the record goes he called of his own volition and not as a representative of the company, and in no way authorized by them or connected with them. At the time he called the deceased had been dead, in any view of it, a number of hours, and neither the time nor circumstances are such as would permit the Court to hold it was a part of the *res gestæ*. The alleged admission was at least twelve hours after the accident and possibly longer. Counsel for the appellant earnestly and strenuously urges that this statement should have been admitted when they show knowledge of the conditions prior to, or at the time of, the accident, or a part of the *res gestæ* and relies on the case of *Young* v. *Railway,* 75 S. C. 197, 55 S. E. 225. This case is not on all fours with the present case, in the Young case one of the statements was made by the section master before the accident, and the second statement immediately after the accident, and the fact of the cleaver being in bad condition in the Young case was not in dispute, and the statement was made by the section master, was admitted as a part of the *res gestæ,* as it was proven that the section master was thirty, forty, fifty or one hundred steps from Young when he was injured, and statement was made by section master as soon after the

accident to the eye of the employee as he got easy. In this case the fact of the alleged defect is disputed.

We cannot see that the exclusion of the evidence was erroneous or prejudicial to the plaintiff, and this exception is overruled.

The next exceptions are to the charge of his Honor. A careful reading of his Honor's charge, as a whole, fails to show that there is any reversible error, and from the record we cannot conclude that there are any errors that the plaintiff can complain of. He left the facts for the jury, he did not in any manner invade the province of the jury by intimating his opinion of the evidence or any inference to be drawn therefrom, his charge was marked by its clearness and force; and he charged the legal propositions correctly, and gave the jury the law of the case, the jury could not have been mislead by the charge to the prejudice of the plaintiff.

The plaintiff's other exceptions relate to the refusal of the motion for new trial. There was no abuse of discretion on the part of the Judge that appears in the record.

All exceptions are overruled. Judgment affirmed.