## 9817

### GILLIAM v. SOUTHERN RY. CO.

(93 S. E. 865.)

1. EVIDENCE—DECLARATIONS OF AGENT AFTER ACCIDENT.—In an action for the death of an employee, the statements of deceased's foreman concerning the accident and the death made several days thereafter were not admissible against the employer, and should have been excluded as hearsay.

2. EVIDENCE—ADMISSIONS—SETTLEMENT WITH THIRD PERSONS.—In an action for death, testimony tending to prove that defendant had admitted liability for the accident by settling other claims growing out of the same accident was improperly admitted.

3. DEATH—ACTIONS FOR DEATH—PRESUMPTIONS.—Under Cr. Code 1912, sec. 697, making it a misdemeanor for any able-bodied man without just cause or excuse to abandon or fail to supply the actual necessaries of life to his wife, or minor unmarried children dependent upon him, the widow and minor unmarried child of a deceased had *prima facie* and presumptively a legal precuniary interest in the continuance of his life, though he had abandoned them and failed to perform the duty imposed upon him by law, and in an action for his death, the failure to introduce evidence to show that they sustained any actual pecuniary loss did not justify a directed verdict.

4. DEATH—ACTIONS FOR DEATH—QUESTIONS FOR JURY.—In an action for the death of a man who had abandoned his wife and child, and contributed nothing to their support for years, evidence that after he abandoned his wife she lived in the house with another man, and that she had another child, did not, as a matter of law, show that she had forfeited her right of support, but only made an issue for the jury.

5. DEATH—ACTIONS FOR CAUSING DEATH—ADMISSIBILITY OF EVIDENCE.— Though presumptively the widow and minor unmarried child of a deceased suffer financial loss from his death, it may be shown in an action under the Federal Employers' Liability Act (Act April 22,

1908, c. 149, 35 Stat. 65 [Comp. St. 1916, secs. 8657-8665]) from the relation, circumstances, and relative condition of deceased and the surviving relatives that no actual pecuniary loss, present or prospective, resulted from the death.

6. DEATH — DAMAGES FOR CAUSING DEATH — PECUNIARY LOSS.—In an action for the death of an employee under the Federal Employers' Liability Act, recovery may be had only for actual pecuniary loss, present or prospective.

7. DEATH—DAMAGES FOR CAUSING DEATH—INSTRUCTIONS.—In an action under the Federal Employers' Liability Act for the death of an employee, where there was evidence that deceased's wife after his abandonment of her had forfeited her right of support by living with another man, the Court should have charged as requested that the measure of damages was the amount which would compensate the surviving beneficiaries for the actual pecuniary loss.

8. TRIAL—MISLEADING INSTRUCTIONS.—In an action under the Federal Employers' Liability Act for the death of an employee, where the undisputed evidence showed that deceased, who had abandoned his wife and child, had not supported them for years, an instruction that the law imposed upon a man the duty of supporting his wife and children, and that in the absence of other proof it would be presumed that everybody obeyed the law until the contrary appeared, though stating a sound proposition of law, should not have been given, as it might have misled the jury to understand that they were authorized to award damages for the loss of support presumed to have been furnished, when, in fact, it had not been furnished.

9. TRIAL — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.—Where, in an action under the Federal Employers' Liability Act for death, all the evidence pointed to an instantaneous death, and there was no evidence that deceased survived the injury even for a moment, or that he endured any conscious pain and suffering, the submission of the question of pain and suffering was erroneous as allowing the jury to speculate about a matter about which the law requires proof.

10. DEATH—INSTRUCTIONS—DAMAGES.—Where, in an action under the Federal Employers' Liability Act, the Court charged that actual damages was a sum assessed by the jury to reimburse a party claiming damages for an injury, and that under the law a man's wife and child had a right to sue for damages on account of his death if caused negligently, and that the damage sustained was a matter for the jury to determine, and was a matter entirely for them, thereby allowing the jury to adopt any standard for the admeasurement of damages that they might see fit, it was error to refuse an instruction that no recovery could be had for damages which deceased might have recovered if he had survived, nor for the loss of society, companionship, or acts of kindness growing out of the relationship, or for wounded feelings.

Before Wilson, J., Abbeville, March, 1916.   Reversed.

Action by Robert Gilliam, as administrator, etc., against the Southern Railway Company.   From a judgment for plaintiff, defendant appeals.

*Mr. J. Moore Mars,* for appellant, cites: *As to res gestae:* 103 S. C. 270; 84 S. C. 190; 94 S. C. 146.   *Assumption of risk:* 233 U. S. 492.   *Beneficiaries:* 228 U. S. 173; 227 S. C. 59 and 145; 237 U. S. 648; 104 S. C. 16.

*Messrs. Graydon & Graydon* and *J. Howard Moore,* for respondent, cite: *As to exceptions:* 59 S. C. 87, 104; 53 S. C. 448.   *Assumption of risk:* 55 S. C. 90; 103 S. C. 421; 232 U. S. 93; 68 S. C. 55; 73 S. C. 481.   *Damage presumed:* 227 U. S. 192; 98 S. C. 42; 232 U. S. 80; L. R. A. 1916e, 144, 145; 44 Am. Rep. 370; 134 Ind. 509; 24 Md. 271.   *Duty of husband to support wife:* 101 S. C. 304. *Damages:* 237 U. S. 647; 238 U. S. 506.   *Charge:* 45 S. C. 146; 46 S. C. 203.   *Requests ambiguous:* 35 S. C. 259; 60 S. C. 153.

October 10, 1917.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This action was brought under the Federal Employers' Liability Act to recover damages for injuries to, and the death of, Whit McBride for the benefit of his widow and minor children.   Plaintiff had judgment, from which defendant appealed.

At the time of his death, McBride was employed by defendant as a section hand, and was engaged with others in clearing away the wreck of a freight train on defendant's road, and in repairing the track which had been torn up.

There was in the wreck a low-sided gondola, loaded with iron car wheels. It was raised by means of a derrick, so that the men could go under it and relay the track. While they were so engaged, the suspended car suddenly turned to one side, and its load of iron car wheels rolled out and fell upon the workmen, five of whom—McBride included—were killed, and seven were injured. Some 16 or 18 years before, McBride married the woman, and had by her the child for whose benefit the action was brought. After living with his wife about a year, he abandoned her and his child. There was no evidence that he afterwards contributed anything to the support of either of them; nor was there any evidence that he did not, except as that was inferable from the fact that he had not lived with them or communicated with them. There was evidence that, after he abandoned her, his wife lived in the house with another man, and that she had another child.

The first assignment of error is in allowing Butler McBride, a witness for plaintiff, to narrate a conversation which he had with A. J. Sisk, the foreman under whom deceased was working at the time he was killed, about the accident and the death of McBride. The statements of Sisk, made several days after the accident, were not admissible as evidence against defendant, and should have been excluded as hearsay. *Kitchens v. Melton,* 103 S. C. 270, 87 S. E. 1006. It is unnecessary to consider respondent's contention that the error was made harmless by the subsequent examination of Sisk as a witness for defendant, as the judgment must be reversed on other grounds.

The Court erred, also, in allowing plaintiff to introduce testimony tending to prove that defendant had admitted liability for the accident by settling the other claims that grew out of it. *Rookard v. Railway,* 84 S. C. 190, 65 S. E. 1047, 27 L. R. A. (N. S.) 435, 137 Am. St. Rep. 839; *Cable Piano Co. v. Railway,* 94 S. C. 143,

77 S. E. 868. Defendant moved for a directed verdict on two grounds, which are renewed here. The first is that there was no evidence that the beneficial plaintiffs sustained any actual pecuniary loss by the death of McBride; and the second is that, as his death was intantaneous, there was no survival of the right of action for his pain and suffering.

As to the first ground, the motion was properly refused. The law imposes upon every man the duty of supporting his wife and minor unmarried children; and, in this State, any able-bodied man who, without just cause or excuse, abandons or fails to supply the actual necessaries of life to his wife or to his minor unmarried child or children dependent upon him, is guilty of a misdemeanor. Crim. Code, section 697; *State v. English,* 101 S. C. 304, 85 S. E. 721, L. R. A. 1915f, 977. Therefore, *prima facie* and presumptively, the widow and minor unmarried child of deceased had a legal pecuniary interest in the continuance of his life. The fact that he had abandoned them and had failed to perform the duty imposed upon him by the law did not absolve him from the obligation, nor deprive them of the right to have it enforced. The evidence did not warrant the Court in holding, as matter of law, that the wife had forfeited her right of support by her conduct. As to that, the evidence made an issue for the jury, under proper instructions. Besides, there was no evidence that the right of the child, if she then was, or should thereafter during minority become, dependent was not still existent; and the action was brought for her benefit as well as the wife's.

When the relation between deceased and the beneficial plaintiff is that of husband and wife or parent and minor child, in the absence of evidence to the contrary, actual pecuniary loss will be presumed from the death. *Minneapolis & St. Paul Railroad Co. v. Gotschall,* 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. —; *Ingersoll v. Detroit etc. Railroad Co.,* 163 Mich. 268, 128 N. W. 227, 32 L. R. A. (N. S.) 362; *Fogarty v. Northern Pacific Railroad Co.,* 74 Wash. 397,

133 Pac. 609, L. R. A. 1916c, 800; note in L. R. A. 1916c, 127, 144, 148.   In Gotschall's case deceased was a minor son 20 years old.   The Court said:

"Again it is insisted that error was committed in submitting the case to the jury because there was no evidence of pecuniary loss resulting to Gotschall's father, on whose behalf the suit was brought.   But this disregards the undisputed fact that the deceased was a minor and as, under the Minnesota law, the father was entitled to the earnings of his son during minority, the question is one not of right to recover, but only of the amount of damages which it was proper to award."

It follows, however, that, although the technical right may exist, yet the deprivation of it may cause very little, or, possibly, no actual financial loss, for it may be shown from the relation, circumstances, and relative condition of 5–7     deceased and the surviving relatives for whose benefit the action is brought that no actual pecuniary loss, present or prospective, resulted to them from his death; and it is well settled that it is only for such loss that recovery may be had.   *Michigan Central R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914c, 176; *American R. Co. v. Didrickson,* 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; *Gulf etc. R. Co. v. McGinnis,* 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785; *St. Louis etc. Ry. Co. v. Craft,* 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160, or as in the McGinnis case, it may appear that some of them sustained such loss while others did not.   Therefore, in view of the evidence tending to show that the wife had forfeited her right of support, the Court should have given defendant's first request, to wit:

"I charge you the measure of damages is the amount which will compensate the surviving beneficiaries for the actual pecuniary loss, and the jury should apportion the amount among them according to the loss of each."

In this connection, we consider the assignment of error in charging plaintiff's fourth request, to wit: "That the law of this State imposes upon a man the duty of supporting his wife and children, and in the absence of other proof it will be presumed that everybody obeys the law of the land until the contrary appears."

While that is a sound proposition of law, and is applicable when there is no evidence upon the question whether the duty has been performed, or when the evidence upon that issue is conflicting, yet, in view of the undisputed evidence in this case that deceased had not supported his wife and child, this instruction might have been misleading, for the jury might have understood it as authorizing an award of damages for the loss of support, presumed to have been furnished, when, in fact, it had not been furnished. Under the evidence, recovery, if at all, should have been limited to the prospective loss which the widow and daughter actually sustained by reason of the deprivation of their right of support as heretofore explained.

Defendant's motion for a directed verdict on the cause of action for the pain and suffering of deceased should have been granted. There was no evidence that deceased survived his injury even for a moment, and, of course, none that he endured any conscious pain and suffering. All the evidence on that issue points to his instantaneous death. Therefore, the submission of that issue to the jury was to allow them to speculate about a matter about which the law requires proof. In the Craft case, *supra,* deceased survived his injuries more than half an hour, and they were such as were calculated to cause him extreme pain and suffering, if he remained conscious, and there was evidence tending to show that he was conscious. While the Court sustained the submission of the issue to the jury in that case, it said:

"But to avoid any misapprehension it is well to observe that the case is close to the border line, for such pain and

suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under statutes like that which is controlling here."

The only instructions given as to the measure of damages are found in the general charge as follows: "Actual damages is a sum of money assessed by a jury in a case to reimburse, as far as it can, a party claiming damages for an injury sustained, and under the law a man's wife and child have a right to sue for damages on account of the death of her husband or parent if the party causing the death did it in a negligent way. As to what damage they have sustained, if any, that is a matter also for you to determine. That is a matter entirely for you."

And, again: "The plaintiff must make out his case by the greater weight or preponderance of the evidence. If he has done so, then the question will be what damages you will give him. That is a matter entirely for you."

And the Court refused defendant's second request, to wit: "I charge you no recovery can be had for damages which the deceased might have recovered if he had survived, nor can recovery be had for loss of society, companionship, or acts of kindness growing out of the relationship, or for wounded feelings."

We have already seen that the first part of the second request should have been given, and, by reference to the decisions of the Supreme Court of the United States hereinbefore cited, it will be seen that the Court erred both in the general instruction as to the measure of damages and in refusing the latter part of defendant's second request. Under the general instructions given, the jury were allowed to adopt any standard for the admeasurement of damages that they might see fit, and, of course, to include therein as elements of damage those matters mentioned in defend-

ant's second request which the Supreme Court has held must be excluded.

Judgment reversed.