# DOW v. CARNEGIE–ILLINOIS STEEL CORPORATION.

## No. 5153.

District Court, W. D. Pennsylvania.
March 28, 1947.

Hymen Schlesinger, of Pittsburgh, Pa., for plaintiff.

Ira R. Hill, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is by Harriet Dow, Administratrix of the Estate of Paul Dow, deceased against the Carnegie-Illinois Steel Corporation to recover damages by reason of the death of Paul Dow, which she alleges was caused by negligence of the defendant, or its agents, servants and employees, in failing to furnish a competent crew on the vessel on which Paul Dow was employed as a seaman and also in failing to furnish medical service and treatment at a proper time.

It appears from the evidence that Paul Dow was forty-four years of age at the time of his death; that he was a seaman on the vessel "James E. Lose" navigated by the defendant on the Monongahela and Ohio Rivers; that he was chief engineer thereof and second in command; that on December 31, 1944, Paul Dow began a regular tour of duty as chief engineer on said boat; that on January 8, 1945, he became sick. He worked on said date from six o'clock A.M. until 12 o'clock noon; he was off duty from 12 o'clock noon until 6 P.M., then he worked from 6 P.M. until midnight; that he had headaches on January 8, 1945; that he continued to work although requested by the Captain to leave the boat for the purpose of getting proper medical care and treatment which he declined for the reason that the present trip would end on the 9th or 10th and that he would be all right until that time. He became worse on the morning of January 9th and was taken to the hospital where he died of meningococcic meningitis.

The jury returned a verdict in favor of the defendant. Plaintiff's motion for a new trial is now before us. Ten reasons are alleged in support thereof. I will limit this opinion to the reasons argued.

Plaintiff contended that the evidence of negligence was so strongly in favor of the plaintiff that a new trial should be granted. The parties stipulated in writing that at the trial of this case the Plaintiff would proceed under the Jones Act, 46 U.S.C.A. § 688, alone, and that any evidence or issue of unseaworthiness only be considered by the Court and the jury in light of the application of the Jones Act; that Plaintiff is relying on unseaworthiness only for the purpose of showing that the same was occasioned by the negligence of the defendant, its agents, employees and servants.

The Court instructed the jury that their verdict would depend upon whether Paul Dow's death was caused by negligence of the defendant, its agents, servants and employees in failing to furnish medical service and treatment at a time when it should have

been furnished, or on failure to furnish a crew who knew what their duty was in regards to treatment at such a time.

There was evidence that Paul Dow was the chief engineer of the boat, "James E. Lose"; that he was second in command; that he had headaches on January 8, 1945; that he worked two shifts, as customary on that date; that neither he nor the Captain, nor any member of the crew knew what was wrong with him. The Captain advised him on the 8th that he land so that he could receive proper medical advice and treatment; that he declined to do so stating that he would wait until the end of the present tour or trip; that he became seriously sick on the morning of January 9th and was taken by the defendant to a hospital where he died the next day.

 The evidence as to negligence was oral. The credibility of the witnesses was for the jury. If the Captain was negligent in not forcing Dow to receive medical treatment, Dow was also negligent. The question of negligence of the Captain or of Dow could not be measured by the facts which appeared after he had been taken to the hospital. The evidence of negligence was not strongly in favor of the Plaintiff.

Rule 61 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, provides that: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." It does not appear to the Court that a refusal of Plaintiff's motion for a new trial is inconsistent with substantial justice.

 Plaintiff, in her 8th reason in support of her motion for a new trial, alleges that the Court erred in charging that the jury could take into account the contributory negligence of Paul Dow. Plaintiff in her brief, argues that the Court charged the jury that it could take into account the contributory negligence of Dow in arriving at a verdict. This contention is not correct. The Court instructed the jury that its verdict would depend on whether Paul Dow's death was caused by the negligence of the defendant or not. On the question of damages, the Court did instruct the jury that it should pass upon the question whether Dow was guilty of contributory negligence or not, and if guilty, that the amount of a verdict for the Plaintiff should be reduced as provided for in the Federal Employers' Liability Act, § 3, 45 U.S.C.A. § 53. If defendant was negligent, it is evident that plaintiff was guilty of contributory negligence because he declined to receive medical care or treatment after being advised that he should receive the same from the Captain. This question, however, is not material as the verdict was based upon the question, whether Dow's death was caused by the negligence of defendant or not.

Plaintiff, in her brief, cited Aguilar v. Standard Oil Co., 316 U.S. 724, 730, 63 S. Ct. 930, 87 L.Ed. 1107, which is not in point, as it was not a case under the Jones Act. If what the Court said in that case in regards to contributory negligence was applicable, to the effect that the seaman's negligence, in a maintenance and cure case, will not preclude recovery unless there was some wilful misbehavior or deliberate act of indiscretion sufficient to deprive the seaman of protection, it would not control the present case as there was evidence from which the jury could find that the decedent was guilty of a deliberate act of indiscretion.

 Plaintiff, in her 9th reason in support of her motion sets forth that "in the interest of equity and justice, plaintiff should be given an opportunity to offer additional medical testimony on the question of proximate cause" which she amended after argument by adding thereto as follows: "Plaintiff states that she was surprised at the trial by testimony offered by defendant as to the alleged incurable nature of Paul Dow's illness, the name not

having been pleaded." There was no objection by Plaintiff on this point, nor was there any motion made for continuance of the case. Plaintiff's counsel, in his oral argument, admitted that this reason is wholly within the discretion of the Court. The substance of the evidence of Plaintiff's doctor was that Dow died of meningococcic meningitis, which was curable if taken in time. Defendant's doctor testified that Dow had a form of meningococcic meningitis known as Waterhouse Friderichsen Syndrome, which was not curable. Neither the Plaintiff's doctor nor the defendant's doctor saw or treated the patient in this case.

Defendant is not chargeable with plaintiff's surprise, if any. Plaintiff took her chances of the jury's verdict after medical testimony had been offered on both sides without making any objections thereto or asking for a continuance.

I am not convinced that a new trial should be granted for the purpose of giving Plaintiff an opportunity to offer additional medical evidence, nor does it appear to the Court that the refusal to grant Plaintiff's motion is inconsistent with substantial justice as required by Rule 61.

▮ Plaintiff, in her 3rd and 5th reasons in support of her motion, alleges that the Court erred in admitting evidence of the divorce suits and orders of support which had been made in actions between the present Plaintiff, Harriet Dow and the decedent, Paul Dow. This evidence was received only on the question of damages. The jury found that the defendant was not negligent. This reason is not material in determining the present action for a new trial. If it was material, I am not persuaded that said evidence should not have been received on the question of damages.

▮ The jury was instructed that if their verdict was for the Plaintiff, that she would be entitled to recover the funeral expenses and that part of Dow's income which would have gone to the support of his wife during her lifetime and to the support of his daughter during her minority. In considering this question, a number of facts necessarily had to be considered such as the age and health of the parties concerned; the income of the decedent; the amount thereof that had gone to the support of his wife and daughter; the relationship of the parties, whether living together or not; whether the husband and wife had been divorced as to bed and board and if so, how long that condition existed. The relationship at the time of the death of the deceased and other pertinent matters so that the jury could determine how much of the deceased's income would probably go to support of the wife and daughter in the future. See Cobia v. Atlantic Coast Line R. Co., 1924, 188 N.C. 487, 125 S.E. 18; Gilliam v. Southern Railway Co., 1917, 108 S.C. 195, 93 S.E. 865; Louisville & N. R. Co. v. Stephens, 1944, 298 Ky. 328, 182 S. W.2d 447; De Santis v. Maddalon, 348 Pa. 296, at page 299, 35 A.2d 72; Fogarty, Adm'r, etc., v. Northern Pacific Railway Company, 85 Wash. 90, 147 P. 652, L.R.A. 1916C, 803; Piland v. Yakima Motor Coach Company, 1931, 162 Wash. 456, 298 P. 419; Peterson v. Pete-Erickson Company, 1932, 186 Minn. 583, 244 N.W. 68; Vol. 16, American Jurisprudence, §§ 240, 241; 90 A.L.R. 923; In re Uravic's Estate, 1932, 142 Misc. 775, 255 N.Y.S. 638; Gilliam v. Southern Railway Company, 108 S.C. 195, 93 S.E. 865.

I am not persuaded, therefore, that such evidence was material on the question of damages.

Plaintiff, at the oral argument, withdrew reason 10 from consideration. In this reason, the Plaintiff alleged that the Court erred in permitting depositions to be sent out to the jury. It appeared, however, that the attorneys representing the Plaintiff and the Defendant, agreed that said depositions should go out to the jury.

The other reasons assigned by the Plaintiff in support of her motion for a new trial were not argued and are without merit.