16966

W. E. NELSON, Adm'r, Respondent, v. CHARLESTON & WESTERN
CAROLINA RAILWAY COMPANY, Appellant
(86 S. E. (2d) 56)

518

*Messrs. A. C. Todd,* of Greenwood, and *Warren & Warren,* of Hampton, *for Defendant,*

*Messrs. W. Brantley Harvey,* of Beaufort, and *Randolph Murdaugh,* of Hampton, *for Respondent,*

February 15, 1955.

LEGGE, Justice.

This is an action for damages for the alleged wrongful death of respondent's intestate, Mrs. Billie Baker Turner, resulting from injuries sustained by her in a collision between an automobile, which she was driving, and a freight train of the appellant, about 12:10 a. m. on August 23, 1950, at a spur track crossing on U. S. Highway No. 21 a few miles north of the city of Beaufort. The spur track, which crosses the highway at right angles, serves certain industries located in the area formerly occupied by the Beaufort Naval Air Base, lying east of the highway at this point. It appears without dispute that at the time of the collision Mrs. Turner was driving southward on Highway No. 21, towards Beaufort, and defendant's engine, pulling one box car, was proceeding in an easterly direction across the highway, and that the automobile struck about the middle of the box car. The automobile was demolished and decedent's husband, Commander Turner, who was with her in the automobile, appears to have been instantly killed. Mrs. Turner died the following day.

The complaint charged the defendant with negligence and willfulness in numerous particulars, and the answer, in addition to a general denial, alleged contributory negligence, gross negligence and willfulness on the part of the plaintiff's intestate. Timely motions for nonsuit and for direction of a verdict for the defendant were made and overruled, and the case was submitted to the jury, which rendered a verdict in favor of the plaintiff for $30,000.00 actual, and $12,500.00 punitive, damages. Defendant thereafter moved for judgment *non obstante veredicto* as to both punitive and actual damages and, in the alternative, for a new trial; and this motion was refused. Appellant seeks

reversal on twelve exceptions, which impute error on the part of the trial judge:

1. In refusing to grant appellant's motions before mentioned, for the reason that there was no proof of actionable negligence or willfulness, and that, on the contrary, the evidence was susceptible of no reasonable inference other than that the death of plaintiff's intestate either resulted from her sole negligence and willfulness or was proximately caused by contributory negligence and contributory willfulness on her part (Exceptions 1, 2, 3, 6, 7, and 8);

2. In his charge on the measure of damages (Exception 4);

3. In refusing to charge appellant's request relating to contributory negligence (Exception 5);

4. In refusing to grant appellant's motion for a new trial because of improper and prejudicial argument of respondent's counsel (Exceptions 9, 10 and 12); and

5. In refusing to grant appellant's motion for a new trial because of the excessiveness of the verdict (Exception 11).

As the case must be remanded for a new trial, we shall not discuss in detail the evidence, which was conflicting. In our opinion, it was sufficient to carry to the jury the issues of both actual and punitive damages.

Exception 5 charges error in the refusal of the trial judge to charge the jury, at appellant's request:

"Even though you should find that the railway company was negligent, but also find that plaintiff's intestate contributed to her death or injury in some degree by her own negligence, your verdict should be for the defendant company. The law does not recognize degrees of negligence, but says that if the person killed or injured contributed in the slightest degree to her death or injury, she cannot recover even though the defendant was more negligent than she was."

As thus presented, the language of this request was too broad, for it failed to take into consideration the issue of proximate cause or the issue of gross negligence or willfulness on the part of the defendant. The trial judge committed no error in refusing it.

Appellant contends (Exception 4) that the trial judge was in error in charging the jury as follows: "If you find the plaintiff is entitled to recover damages in this case for the wrongful death for the parties for whose benefit this action was brought, you should try to find the reasonable value of the life of plaintiff's intestate, the probable expectancy of life, the earning capacity, if there be such, and give such sum as would be a reasonable measure of the actual value of her life to those for whose benefit the suit was brought, the value of her society, the loss of companionship to her family, including her brothers and sister and others, if there be any evidence of loss".

The complaint alleged that the action was brought for the benefit of James Monroe Baker and William Eugene Baker, the brothers, and Gertrude B. Dressing, the sister of the decedent; and Mrs. Dressing testified that she and her two said brothers survived her sister as her heirs. We assume, therefore, that they were her only "heirs at law or distributees", Code 1952, Sec. 10-1952. Mrs. Turner, the decedent, was about fifty-eight years of age at the time of her death, and lived in Beaufort with her husband, a retired naval officer. Mrs. Dressing lived in Miami, Florida. The record does not disclose the place of residence of either of her two brothers. There being no suggestion in the evidence that Mrs. Turner's death resulted in any pecuniary loss to any of these beneficiaries of the action, we think that the trial judge erred in charging that among the elements of damage recoverable were "the reasonable value" of her life, her "earning capacity", and "the actual value" of her life to those for whose benefit the suit was brought. The quoted expressions embody the concept of pecuniary

loss, which was definitely not an element of damage in the case at bar, there being no presumption of such loss as where the relation between the deceased and the beneficial plaintiff is that of husband and wife or parent and minor child. *Gilliam v. Southern Ry. Co.,* 108 S. C. 195, 93 S. E. 865. Under this charge the jury was permitted to speculate about a matter concerning which the law requires proof and as to which there was none. *Youngblood v. Southern Ry. Co.,* 152 S. C. 265, 149 S. E. 742, 77 A. L. R. 1419; *Durant v. Stuckey,* 221 S. C. 342, 70 S. E. (2d) 473. Also erroneous and tending to mislead the jury was the use of the words "to her family, including her brothers and sister and others" in the portion of the charge assailed by this exception, for thereby the jury was permitted to assume that decedent's niece, Mary F. Dressing, who testified, and perhaps still other members of her family, were entitled to be compensated for her death. Exception No. 5 is sustained. We note, in passing, that the Act of the General Assembly approved February 20, 1953, Code 1952, Supplement, Section 10-1210, requiring the trial judge to excuse the jury after he has delivered his charge to them, so that counsel may express objections to or request amplification of the charge, was not in effect at the time of the trial of this cause. Cf. *Munn v. Asseff,* S. C., 83 S. E. (2d) 642; *Hall v. Walters,* S. C., 85 S. E. (2d) 729.

Exception 11 reads as follows: "Because his Honor, the trial Judge, erred, it is respectfully submitted, in failing to hold that the verdict as to both actual and punitive damages was excessive; it being submitted that the verdict of the jury was excessive". As was pointed out in *Bowers v. Charleston & W. C. Ry. Co.,* 210 S. C. 367, 42 S. E. (2d) 705, and again in *Vernon v. Atlantic Coast Line R. Co.,* 221 S. C. 376, 70 S. E. (2d) 862, this court will not undertake to set aside a verdict because its amount is such as to indicate merely undue liberality on the part of the jury. The power in such case to set it aside, or reduce it by granting a new trial *nisi,* rests with the trial

judge alone. It is only when the verdict is so grossly excessive as to indicate that the jury was moved by passion or prejudice or other considerations not founded on the evidence and the instructions of the trial court, that it becomes the duty of this court, as well as of the trial court, to set it aside absolutely. In the light of the evidence in the case at bar, the verdict is unquestionably a very large one, but it is not necessary for us to determine whether it belongs to the first class above mentioned, or to the second, or to either. The language of the exception, which charges merely that the verdict "was excessive", is not such as to raise the issue that it is of the second class; and with the first we have no concern.

Appellant urges (Exceptions 9, 10 and 12) that a new trial should have been granted because it was improper and highly prejudicial on the part of the plaintiff's counsel, Mr. Murdaugh, in his argument to the jury, to state in substance that if there had been no evidence of negligence the trial judge would have granted a nonsuit or would have directed a verdict for the defendant. As this case is being remanded for a new trial on other grounds, it is not necessary that we pass directly upon these exceptions, and we shall not do so. We cannot pass unnoticed, however, the fact, apparent from the record, that after the trial judge had ruled such argument improper and admonished counsel to desist from it, he repeatedly persisted in returning to it. Regardless of the correctness or incorrectness of the trial judge's ruling as to the impropriety of counsel's argument, the ruling had been made, and it was highly improper of counsel to disregard it. *Lemons v. Pilot Life Ins. Co.,* 196 S. C. 297, 13 S. E. (2d) 278.

Reversed and remanded for new trial.

STUKES, TAYLOR and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.