**Marion J. PATRICK, Administrator of the Estate of Philip Alan Patrick, Deceased, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 8832.**

United States Court of Appeals
Fourth Circuit.

Argued March 27, 1963.

Decided April 1, 1963.

---

* The first exception was unrelated to this point.

Stephen B. Swartz, Atty., Dept. of Justice (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., John C. Williams, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellant.

Charles B. Bowen and Benj. A. Bolt, Greenville, S. C. (Bolt & Bowen, Greenville, S. C., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and PREYER, District Judge.

**PER CURIAM.**

This action for wrongful death was brought under the Federal Tort Claims Act by the Administrator of the Estate of a 3-year-old boy who was struck and killed by a truck of the Post Office Department. The District Court made findings of fact and conclusions of law, on the basis of which it awarded a judgment in favor of the plaintiff for $30,000. It did so after reciting pecuniary loss as one of the elements of damage in an action for wrongful death and referring to the rule that pecuniary loss would be presumed, in the absence of relevant evidence, when the relation between the decedent and the use plaintiff was that of parent and minor child. On this appeal, the Government complains, rightly we think, that pecuniary loss could not be properly considered by the court as an element of the damages.

■ Since the tort was committed in South Carolina and the action was brought there, the laws of that state are controlling insofar as they are not made inapplicable by specific provisions of the Tort Claims Act.[1]

The Supreme Court of South Carolina in Gilliam v. Southern Railway Co., 108 S.C. 195, 93 S.E. 865, declared generally: "When the relation between deceased and the beneficial plaintiff is that of husband and wife or parent and minor child, in the absence of evidence to the contrary, actual pecuniary loss will be presumed from the death." As authority for its declaration, it relied upon Minneapolis & St. Paul Railroad Co. v. Gotschall, 244 U.S. 66, 37 S.Ct. 598, 61 L.Ed. 995. In Gotschall, the question of a father's pecuniary loss flowing from the death of his child had been submitted to a jury. The Supreme Court approved the submission, since, under Minnesota law, the father was entitled to the earnings of the minor son. The question, said the Supreme Court, was not one of the right to a recovery, but only of the amount of the damages which might properly have been awarded.

While the South Carolina Supreme Court in Gilliam relied upon Gotschall, it was concerned in Gilliam with a case in which the decedent was the parent. Its statement of the rule was framed in

1. 28 U.S.C.A. § 2671 et seq.

terms of that situation. Of course, it is presumed that the dependents of a family breadwinner have suffered pecuniary loss because of his death, but the converse of that proposition does not necessarily follow in this day after the abolition of child labor and the substantial economic emancipation of those minors, approaching majority, who do work.

This situation came before the Supreme Court of South Carolina in a more recent case, Mock v. Atlantic Coast Line Railroad Company, 227 S.C. 245, 87 S.E. 2d 830. In Mock, damages were sought for the benefit of a father because of the wrongful death of his 12-year-old son. The Supreme Court held that pecuniary loss to the father could not be presumed out of the wrongful death of the child. A majority of the court did not join in the leading opinion, but the concurring judges joined in this proposition.

 In a case subsequent to Mock,[2] the South Carolina Supreme Court repeated the general proposition of Gilliam, but in Nelson, as in Gilliam, the decedent was the parent and not the child. When the decedent is the child and the beneficiary is the parent, the Mock case stands as the unimpeached, explicit declaration of the law of South Carolina on the subject of presumptions or assumptions of pecuniary loss from wrongful death.

We thus conclude that it was error for the District Court to have included in its award anything on account of presumed pecuniary loss. The award should have been limited to proven expenses and those intangible elements which, without question, were properly considered and which, in this case, undoubtedly constituted the much more substantial basis of the general award. The Court, however, did not allocate the general award to any particular items of damage. We cannot determine how much was included in the general award on account of the element of pecuniary loss, which, among the others, was considered by him. It will, therefore, be necessary to vacate the judgment below and remand the case, so that the award of $30,000 may be reduced by the amount which had been included in it for assumed pecuniary loss, and for the entry of a judgment for the plaintiff in the reduced amount.

The Government also points to the fact that the judgment's award of interest exceeded the limitations of the statute.[3] Apparently, these limitations were not called to the attention of the District Judge when the original judgment was entered, but, of course, those limitations will be respected when the award is revised and the new judgment is entered in accordance with this opinion.

Judgment vacated and remanded.

2. Nelson v. Charleston & W. C. Ry. Co., 231 S.C. 351, 98 S.E.2d 798, and see an earlier opinion in the same case reported at 226 S.C. 516, 86 S.E.2d 56.

3. 28 U.S.C.A. § 2411(b).