**Ruth Wright GREGG, Administratrix of the Estate of Cherlyn Wright, deceased, Plaintiff,**

v.

**Connie B. COLEMAN and United States of America, Defendants.**

Civ. A. No. 7736.

United States District Court
E. D. South Carolina,
Florence Division.

Nov. 6, 1964.

Gasque, Seals & Gasque, Marion, S. C., for plaintiff.

Terrell L. Glenn, Dist. Atty., Columbia, S. C., and Thomas P. Simpson, Asst. Dist. Atty., Charleston, S. C., for defendants.

SIMONS, District Judge.

This action was commenced by the filing of the complaint in the office of the Clerk of this Court on May 16, 1962 by Ruth Wright Gregg, Administratrix of the Estate of Cherlyn Wright, deceased, as plaintiff, against Connie B. Coleman and United States of America as defendants under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346[b] [1] and 2671 et

---

1. 1346[b]—Gives district courts exclusive jurisdiction over civil actions for money damages for injury of loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while in the scope of employment, where a private person would be liable according to the law of the place where the act occurred.

seq.[2] for the wrongful death of said Cherlyn Wright. The complaint alleges that the suit was brought "for the benefit of the next of kin of Cherlyn Wright, namely, Ruth Wright Gregg, her mother, and Annie Ruth Wright, Yvonne Wright and Curtis Wright, sisters and brother of the deceased, Cherlyn Wright", under the South Carolina Wrongful Death Statute.[3]

The defendant, United States of America, subsequently moved the court for an order dismissing Connie B. Coleman as party-defendant in the case upon the ground that at the time of the alleged acts set forth in the complaint said defendant was an employee of the United States operating a motor vehicle within the scope of his office or employment and, therefore, pursuant to Section 2679[b] of Title 28 U.S.C.A. plaintiff's exclusive remedy was against the United States of America. Pursuant to said motion Connie B. Coleman was dismissed as a party-defendant by order of the court dated March 21, 1963.

In its answer defendant United States of America, after admitting that Connie B. Coleman was an employee of the Agriculture Department of the United States and was operating a motor vehicle owned by said defendant as its agent and employee and while acting within the scope of his office and employment upon the occasion alleged in the complaint, specifically denied the other material allegations of the complaint.

The action was tried by me in Florence, South Carolina on August 6, 1964.

From the evidence presented, and pursuant to the provisions of Rule 52[a], Federal Rules of Civil Procedure, I have found the facts specially and state my conclusions of law thereon hereinafter.

## FINDINGS OF FACT

1. Plaintiff, Ruth Wright Gregg, a resident and citizen of Marion County, South Carolina, is the mother and duly appointed administratrix of the estate of Cherlyn Wright, deceased.

2. Cherlyn Wright was the illegitimate daughter of plaintiff, Ruth Wright Gregg, having been born out of wedlock. Her father, according to the testimony of plaintiff, was one Thomas Lee Jones to whom plaintiff was never married. She was four years of age at the time of her death, was in good health, and was a kind and considerate daughter who lived at that time with her mother on McMillan Street, in Marion, S. C.

3. The accident and resulting death of plaintiff's intestate occurred in a residential area on Bluff Street, also known as Gapway Highway, near the intersection of an unpaved street known as McMillan Street, at about the easternmost city limit of the Town of Marion, South Carolina. The paved portion of Bluff Street along where the accident occurred is 18 feet in width with dirt shoulders on either side and with weeds and bushes growing along said shoulders reaching near the pavement in many places, as shown from photographs introduced in the record by plaintiff.

4. The accident occurred on April 13, 1962 at approximately 11:00 a. m. when Connie B. Coleman, agent and employee of the United States Department of Agriculture, who admittedly was acting within the scope of his duties and employment for the defendant, was driving a Government station wagon in an easterly

2. 28 U.S.C. § 2671 et seq.—Statutes providing for Tort Claims Procedure.

3. Sec. 10–1951, 1962 Code of Laws of South Carolina. "Civil action for wrongful act causing death.—Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative."

direction along Bluff Street. There was no other vehicular traffic along the street. Under his own admission he was driving 50 m. p. h. in a residential area where the prima facie speed limit, under South Carolina law, was 35 m. p. h.[4] As he approached McMillan Street he observed two small children run out of a wooded area from his left and into the traveled portion of the road; he immediately applied his brakes, blew his horn, and skidded his tires, leaving well defined skid marks on the pavement for 131 feet 6 inches. One of the small children stopped about the center of the road, plaintiff's intestate ran on across the road directly into the path of Coleman's vehicle and was struck with great force by the front portion of the station wagon. She was knocked approximately 49 feet East of the easternmost end of the car's skid marks, badly mangling her body and killing her instantly. Coleman immediately left the scene of the accident without stopping to determine the condition of the child. When Coleman was interviewed by the Sheriff's Department which investigated the accident he at first denied that he had been involved in the accident, but several days later he admitted to Sheriff Stevenson that he had struck the child.

5. Mr. Coleman admitted that he had traveled Bluff Street quite often prior to the accident, was well familiar with the area, knew that it was residential, and had seen numerous children on occasions playing along the roadway.

6. There is some confusion in the testimony as to the exact location of the eastern city limit sign of Marion, therefore, it was not definitely determined as to whether the accident occurred within the city limits or just outside the city limits. There are no speed restriction signs in the immediate area of the accident, however, the residential area extends in an easterly direction a few houses beyond the actual point of impact.

## CONCLUSIONS OF LAW

■ 1. The laws of South Carolina are controlling insofar as not made inapplicable by specific provisions of the Tort Claims Act, supra. Under Section 10-1952 of the South Carolina Code of Laws,[5] plaintiff as mother of the deceased is the sole beneficiary in this wrongful death action; since the father, Thomas Lee Jones, is not a legal beneficiary of an illegitimate child.[6] Neither are the sisters and brother beneficiaries here [they are alleged to be such in plaintiff's complaint] as the surviving mother excludes brothers and sisters. Section 10-1952, supra.

■ 3. Plaintiff's intestate who was only 4 years of age at the time of the accident was legally incapable of any negligence under South Carolina law, Chitwood v. Chitwood, 159 S.C. 109, 156 S.E. 179. King v. Holliday, et al., 116 S.C. 463, 108 S.E. 186.

■■ 4. The defendant's agent and employee, Connie B. Coleman, failed to use due care and was clearly guilty of

4. Sec. 46-362, 1962 Code of Laws of South Carolina: "Prima facie speed limits.— Where no special hazard exists that requires lower speed for compliance with § 46-361, the speed of any vehicle not in excess of the limits specified in this section or established as herein authorized shall be lawful, such limits established in this section being: [1] * * * [2] Thirty-five miles per hour in any residence district; and [3] Fifty-five miles per hour under other conditions. "Any speed in excess of such limits or limits established as herein otherwise authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful."

5. "§ 10-1952. Beneficiaries of action for wrongful death.—Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and, if there be no such wife, husband, child or children, *then for the benefit of the parent or parents*, and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been so caused. Every such action shall be brought by or in the name of the executor or administrator of such person."

6. See Section 10-1953 of the 1962 South Carolina Code of Laws.

actionable negligence, under the circumstances existing, by driving the defendant's motor vehicle in a residential area at an admitted speed of 50 m. p. h., in violation of Section 46–362, supra. Since Coleman was quite familiar with this area, had often seen many children playing along this roadway, and knew that he was passing through a residential area where small children frequented the side of the road, he also violated Section 46–361 of the 1962 South Carolina Code of Laws.[7]

5. Coleman's negligence was the proximate cause of the accident and the resulting death of plaintiff's intestate, as the conclusion is inescapable that had he been driving at a slow and reasonable rate of speed under the circumstances he would have been able to stop, slow down or turn his vehicle in order to avoid the fatal collision. At 50 m. p. h. Coleman was traveling 73.3 feet per second. Had he been traveling at 35 m. p. h. he would have only traveled 51.3 feet per second, and had he been traveling at an appropriately reduced speed considering the potential hazards and circumstances existing, say at 24 m. p. h., he would have only been traveling 36.7 feet per second, which would have given him sufficient time to stop, slow down or turn his automobile after he saw the small children run into the road in front of his station wagon.

6. Plaintiff, as the sole beneficiary under the South Carolina Wrongful Death Statute, supra, has suffered damages by way of wounded feelings, grief and sorrow, loss of companionship, and the love and affection of her daughter. Plaintiff contends that pecuniary loss is also a proper element of damages in the instant case. With this we cannot agree. In Mock v. Atlantic Coastline R. Co., 227 S.C. 245, 87 S.E.2d 830, the South Carolina Supreme Court held that

pecuniary loss to a father could not be presumed out of the wrongful death of his minor child. See also Patrick v. United States, 316 F.2d 9 [4th Cir. 1963].

7. In arriving at the amount of the award in this case, the court has been mindful of the excellent briefs submitted by counsel for both parties and the numerous cases cited therein dealing with the amounts of awards by the courts in the cited cases. The awards by the court without a jury in such cases range from a low of $6500 for the death of a 3 year old boy to a high of $50,000 for the death of a 12 year old son.

8. Plaintiff's counsel strongly urges that Patrick v. United States of America, supra, is a case almost identical in facts and law with the instant case. In the Patrick case, Judge Martin, in United States District Court for the Western District of South Carolina, awarded $25,000 when a 4 year old child was killed by a Post Office Department truck. In that case both parents survived and were the legal beneficiaries. Therefore, they each received an ultimate recovery of $12,500 since the administrator was merely a conduit through which the court's award passed to the two beneficiaries, to wit: the mother and father of the deceased child. In that case there were two parents who suffered mental shock, anguish, wounded feelings, grief and sorrow, loss of companionship, love and affection of their son. In the instant case only the mother has suffered such loss.

9. The court is mindful of the fact that each individual case must be decided upon its own particular circumstances. After a careful consideration of the testimony in this case, and all of the facts and circumstances presented to and observed by the court during the trial, it is my opinion that an award of

7. "§ 46–361. General rule.—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

$12,500 is full, fair and adequate compensation in this case. It is, therefore,

Ordered that judgment be entered for plaintiff against defendant in the amount of $12,500 as actual damages. It is further

■ Ordered that attorneys for plaintiff be and they are hereby authorized to receive as a reasonable attorneys' fee twenty percent of the amount of said award, to be paid out of but not in addition to the amount thereof.